IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KAMEN ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | |
| ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| ELECTRICAL WORKERS (IBEW) ) | |
| and EDWIN D. HILL, an individual ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

COMPLAINT AND JURY DEMAND

NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is an individual action under the Americans With Disabilities Act of 1990, as amended (ADA)(42 U.S.C. 12101 et seq.), the Pennsylvania Human Relations Act (PHRA), as amended (43 Pa. C.S.A. §951 et seq.), and the D.C. Human Rights Act of 1977 (D.C. Act), as amended (D.C. Official Code Ann. §2.1401 et seq.), to recover damages for illegal actions against Plaintiff by Defendant and to make whole Plaintiff.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 for federal claims; 28 U.S.C. §1367 for supplemental state claims; and, 28 U.S.C. §1332 for diversity jurisdiction.

3. The Parties are citizens of different states.

4. The amount in controversy exceeds $75,000.

5. This action is authorized and instituted pursuant to the ADA, PHRA and the D.C. Act.

6. The actions and policies alleged to be unlawful were committed in and around

Washington, D.C. , where Defendant IBEW has its headquarters, and where Defendant Hill works and, therefore, this action is within the jurisdiction of the United States District Court for the District of Columbia and the venue is proper.

7. Plaintiff exhausted his administrative remedies by filing with the Equal Employment Opportunity Commission (EEOC); the Pennsylvania Human Relations Commission (PHRC); and, the D.C. Office of Human Rights within the respective statutory periods (300 days / 180 days / one year, respectively) following the complained-of acts. The EEOC issued a Right to Sue, and Plaintiff is filing this action within ninety days of having received the Right to Sue.

## PARTIES

8. Plaintiff, Steven A. Kamen (hereinafter referred to as "Plaintiff" or "Kamen"), has resided at all relevant times at 3 Fincher Lane, Butler, PA 16001. Plaintiff was employed by Defendant as a Senior International Representative from on or about July 1, 1997, until on or about December 8, 2004.

9. Defendant International Brotherhood of Electrical Workers (hereinafter referred to as "Defendant IBEW" or "IBEW"), is an organized labor union with its administrative offices and headquarters located at 900 Seventh Street, N.W., Washington, D.C. 20001 and is a citizen of the District of Columbia.

10. Defendant Edwin D. Hill (hereinafter referred to as "Defendant Hill" or "Hill"), is a citizen of Virginia and resides at 6662 Avignon Boulevard, Falls Church, VA 22043. He is the

President of Defendant IBEW.

11. Defendant IBEW is an employer within the meaning of the ADA, the PHRA and the D.C. Act.

12. Defendant Hill is an employer within the meaning of the D.C. Act.

## BACKGROUND AND STATEMENT OF CLAIMS

13. Defendant IBEW hired Plaintiff as an International Representative on or about July 1, 1997, and Plaintiff was eventually promoted to the position of Senior International Representative.

14. Plaintiff consistently performed his duties in a satisfactory manner.

15. Plaintiff's office was in Western Pennsylvania; IBEW is located in D.C.; Plaintiff reported to Edwin Hill, who worked at the IBEW headquarters in D.C.

16. On or about February 20, 2004, Plaintiff became ill and was hospitalized.

17. Plaintiff was diagnosed with human immunodeficiency virus (HIV).

18. Plaintiff's sexual orientation is homosexual.

19. Plaintiff's medical conditions significantly limit Plaintiff's ability to perform major life activities (walking; sleeping; working; engaging in strenuous activities) as compared to the average person.

20. Plaintiff's conditions are a substantial impairment within the meaning of the ADA.

21. Plaintiff has a history of a substantial impairment.

22. Plaintiff has been perceived by Defendant as having a substantial impairment.

23. On or about May 1, 2004, Plaintiff was able to return to work.

24. During his medical leave Plaintiff's work load was reduced, but he continued to do work from his house.

25. Upon Plaintiff's return to work his work load was not restored to him.

26. Plaintiff requested his regular duties be restored; Defendants denied the request.

27. Plaintiff was capable of performing the essential functions of his position as a Senior International Representative from the time he returned to work from his medical leave either with or without a reasonable accommodation.

28. Plaintiff continued to work until he received a termination letter from Defendants signed by Edwin Hill, dated December 8, 2004.

29. Defendants alleged that Plaintiff was terminated for performance reasons, specifically, failure to file certain expense reports in a timely fashion. This is false.

30. Plaintiff was terminated because of his medical condition.

31. Plaintiff was also terminated because of his sexual orientation.

32. To Plaintiff's knowledge, none of Defendants' other International Representatives, whose work was inferior to Plaintiff's, have ever been terminated for performance.

33. Moreover, other International Representatives whose expense reports were late, had incomplete paperwork, and who were late with their assignments were not terminated as Plaintiff was.

34. Plaintiff was fully qualified to perform the essential functions of his existing position, or other positions available with IBEW, with or without a reasonable accommodation.

35. The reason given for his termination was a mere pretext for disability discrimination, and for discrimination based on sexual orientation.

36. Members of the IBEW, including management, regularly mock and ridicule homosexuals.

37. Upon his return to work in May 2004, Plaintiff was denied training opportunities; was not permitted to assist at manufacturing conferences; was never given back the duties Plaintiff had been assigned prior to Plaintiff's going out on sick leave; and, was not promoted to a position (Director) despite his being the most qualified candidate.

38. Plaintiff was not promoted to the position of Director in Washington, D.C., even though Plaintiff was the only candidate for the position, and Defendants had told Plaintiff prior to

his medical leave that the position would be his.

39. Non-disabled and heterosexual individuals are treated better in similar circumstances.

### COUNT I:  DISABILITY DISCRIMINATION (ADA/PHRA) - DEFENDANT IBEW

40. Plaintiff hereby incorporates Paragraphs 1 through 39 of his Complaint as though the same were more fully set forth at length herein.

41. Plaintiff is a qualified individual with a disability.

42. Defendant IBEW terminated Plaintiff because of his disability.

43. Defendant IBEW's actions were in violation of the ADA's and PHRA's prohibition of discrimination based on disability.

44. Defendant knew its actions against Plaintiff were in violation of the ADA and the PHRA.

45. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law: loss of job and pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

46. Plaintiff is seeking lost wages, compensation for pain and suffering, attorney's fees and costs, compensatory and punitive damages, and equitable relief (reinstatement in his previous position).

## COUNT II: SEXUAL ORIENTATION DISCRIMINATION (D.C. HUMAN RIGHTS ACT OF 1977) - DEFENDANTS IBEW AND HILL

47. Plaintiff hereby incorporates Paragraphs 1 through 46 his Complaint as though the same were more fully set forth at length herein.

48. Defendants' termination of Plaintiff based on his sexual orientation was in violation of the D.C. Human Rights Act's prohibition against discrimination based on sexual orientation.

49. Defendants knew their actions against Plaintiff were in violation of the D.C. Human Rights Act.

50. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law: loss of job and pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation. <u>These damages are in excess of $75,000.00</u>.

51. Plaintiff is seeking lost wages, compensation for pain and suffering, attorney's fees and costs, compensatory and punitive damages, and equitable relief (reinstatement in his previous position).

### GENERAL PRAYER FOR RELIEF

52. WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Order Defendants to make whole Plaintiff by paying monetary damages <u>in excess of $75,000.00</u>, reinstating Plaintiff and providing affirmative relief necessary to eradicate the effects of its deprivation of Plaintiff's civil rights and its other unlawful actions.

    B. Order Defendants to compensate Plaintiff for the injuries to his reputation, and the

emotional distress, sustained as a result of Defendant's illegal actions.

C. Order Defendants to pay compensatory and punitive damages.

D. Order Defendants to pay the costs and reasonable attorney's fees incurred by Plaintiff.

E. Enjoin Defendants from the ongoing deprivation of Plaintiff's civil rights.

F. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 s/ Joseph H. Chivers
Joseph H. Chivers, Esquire
DC ID No. 388350
PA ID No. 39184
Suite 600
312 Boulevard of the Allies
Pittsburgh, PA  15222
jchivers@employmentrightsgroup.com
(412) 281-1110
(412) 281-8481 FAX


THE LAW FIRM OF BART T. VALAD, PLLC

Bart T. Valad, Esquire
DC ID No. 462814
10640 Main Street
Suite 200
Fairfax, VA 22030
(703) 352-4800

*Counsel for Plaintiff*
*Steven A. Kamen*

DATED: June 9, 2006