UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KAMEN ) | |
| ) | Case No. 1:06CV01063 (RMC) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL BROTHERHOOD ) | |
| OF ELECTRICAL WORKERS, AFL-CIO and ) | |
| EDWIN D. HILL, an individual, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

This action alleges that the International Brotherhood of Electrical Workers, AFL-CIO (hereafter "IBEW"), an unincorporated labor organization, and Edwin D. Hill, IBEW International President, discriminated against plaintiff Steven A. Kamen on the basis of his disability in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. 12101 *et seq.* (hereafter "ADA") and the Pennsylvania Human Relations Act, 43 PA. STAT. ANN. § 951 *et seq.* (hereafter "PHRA"). Plaintiff Kamen further alleges that the defendants discriminated against him on the basis of his sexual orientation in violation of the D.C. Human Rights Act of 1977, D.C. CODE ANN. § 2-1401.01 *et seq.* (hereafter "DCHRA").

### STATEMENT OF THE FACTS

The IBEW hired plaintiff Kamen as an International Representative on or about July 1, 1997. Complaint at ¶ 13. The IBEW subsequently promoted plaintiff Kamen to the position of Senior International Representative. *Id.*

Plaintiff Kamen alleges that he became ill and required hospitalization on or about February 20, 2004. *Id.* at ¶ 16. Plaintiff further alleges that, during his hospitalization, doctors concluded that he has contracted the human immunodeficiency virus (HIV). *Id.* at ¶ 17.

Plaintiff Kamen also alleges that he returned to work for the IBEW on or about May 1, 2004. *Id.* at ¶ 23. He claims that he was capable of performing the essential functions of his position as a Senior International Representative, but the IBEW terminated his employment on December 8, 2004. *Id.* at ¶¶ 27 & 28.

DCOHR Administrative Complaint Process

Plaintiff Kamen filed an administrative complaint of discrimination with the District of Columbia Office of Human Rights (hereafter "DCOHR") against defendants IBEW and Hill on May 3, 2005, which DCOHR date-stamped as received on May 9, 2005. Exhibit No. 1 attached to the Declaration of Terry R. Yellig (hereafter "Yellig Declaration") attached to the Motion to Dismiss. The May 3, 2005 DCOHR administrative complaint asserted that the IBEW discriminated against plaintiff Kamen because he is disabled by HIV infection and because of his sexual orientation. Specifically, the May 3, 2005 DCOHR administrative complaint alleged that the IBEW denied his requests to attend conferences, subjected him to anti-gay remarks, jokes and comments, denied his request for promotion to the position of Director of the IBEW Broadcasting Department for which he alleges he was the only qualified candidate, and terminated his employment because he is HIV positive and a homosexual. *Id.*

Plaintiff Kamen filed a second administrative complaint of discrimination with DCOHR dated March 10, 2006, which alleged that the IBEW denied him training opportunities, refused to permit him to assist at manufacturing conferences, denied a promotion for which he claimed to be the only qualified applicant, never gave back the duties he was assigned to perform before he

became ill and was absent from work on sick leave in February 2004; and terminated his employment as an IBEW Senior International Representative because of his disabling HIV infection and his sexual orientation. Exhibit No. 2 attached to the Yellig Declaration. Subsequently, plaintiff Kamen filed a revised administrative complaint with the DCOHR dated April 24, 2006, which asserted that the IBEW's alleged discriminatory actions were based exclusively on his sexual orientation, not on his disability, as he originally claimed in his March 10, 2006 administrative complaint. Exhibit No. 3 attached to the Yellig Declaration.

Subsequently, however, plaintiff Kamen, through his attorney, asked the DCOHR in a letter dated May 8, 2006 to cancel mediation of the allegations in his revised administrative complaint scheduled two days hence. Exhibit No. 4 attached to the Yellig Declaration. Plaintiff Kamen's attorney explained in his May 8, 2006 letter to the DCOHR that his client no longer wished to participate in mediation of his administrative complaint because he had recently received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") and that he intended to file a lawsuit against the IBEW alleging that his client was the victim of discriminatory treatment by the IBEW because of his disability and sexual orientation. *Id.*

EEOC/PHRC Administrative Complaint Process

After he filed an initial administrative complaint with the DCOHR, plaintiff Kamen filed a charge of discrimination with the EEOC in the Pittsburgh, Pennsylvania area office on July 6, 2005, which alleged that the IBEW discriminated against plaintiff Kamen because of his "medical conditions, and/or my disabilities, and/or my perceived disabilities, in violation of the Americans with Disabilities Act of 1990. . . ." Exhibit No. 5 attached to the Yellig Declaration. The July 6, 2005 charge further alleged that defendant Edwin D. Hill informed plaintiff Kamen

on December 8, 2004 that he "was being let go because [he] had been delinquent in filing weekly reports, the expense reports, and several other assignments." *Id.*

The July 6, 2005 EEOC charge was cross-filed the same day with the Pennsylvania Human Relations Commission ("PHRC"). *Ibid.* Subsequently, defendant IBEW received a letter dated September 27, 2005 from Ms. Peggy J. Raynock, PHRC Director of Compliance, which stated that the EEOC forwarded the July 6, 2005 charge to the PHRC in accordance with its Work Sharing Agreement with the PHRA. Exhibit No. 6 attached to the Yellig Declaration. Ms. Raynock explained that, pursuant to EEOC/PHRC Work Sharing Agreement, the PHRC waived the opportunity to investigate the July 6, 2005 charge back to the EEOC. *Id.* Nevertheless, Ms. Raynock stated that the PHRC "reserve[d] the right to docket, serve and require an answer at some future date. Should PHRC elect to docket the EEOC charge as a PHRC complaint, PHRC will serve the complaint and an answer will be required." *Id.* Finally, she explained that if the case were still pending after one year, the PHRC would notify plaintiff Kamen of his right to file in the appropriate court of common pleas. *Ibid.* [1]

---

[1]   Section 10(c) of the PHRA, 43 PA. STAT. ANN. § 962(c), states:

(c) (1) In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. *If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act.*

   (2) An action under this subsection shall be filed within two years after the date of notice from the Commission closing the complaint. Any complaint so filed shall be served on the Commission at the time the complaint is filed in court. The Commission shall notify the complainant of this requirement.

(Emphasis added.)

Subsequently, the EEOC issued a right to sue letter to plaintiff Kamen on March 15, 2006 pursuant to his request that the EEOC cease processing his July 6, 2005 charge of discrimination. Exhibit No. 7 attached to the Yellig Declaration.

### STATEMENT OF THE CASE

The Complaint in this case presents two counts for relief. First, plaintiff Kamen alleges in Count I, that defendant IBEW discriminated against him because his disability in violation of the ADA and the PHRA. Complaint at ¶¶ 40-46. Second, plaintiff Kamen alleges in Count II, that defendants IBEW and Edwin D. Hill discriminated against him because of his sexual orientation in violation of the DCHRA.

Defendant IBEW moves to dismiss Count I insofar as it is based on the PHRA and Count II in its entirety because they are time-barred by the respective statute of limitations set forth in the PHRA and the DCHRA.

### STANDARD FOR DISMISSAL OF CLAIMS UNDER RULE 12(b)(1), FED. R. CIV. P.

Under Rule 12(b)(1), Fed. R. Civ. P., the plaintiff "bears the burden of proving by a preponderance of the evidence that the Court possesses jurisdiction over the subject matter of his claims." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (holding that the court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); *Pitney Bowes, Inc. v. United States Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998); *see also Carter v. Washington Post*, No. 05-1712, 2006 U.S. Dist. LEXIS 29424, *10 (D.D.C. 2006); *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002).

Although the court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)*, see Leatherman v.*

*Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), the "court need not accept legal conclusions as true." *Sierra Club v. Mainella*, No. 04-2012, 2005 U.S. Dist LEXIS 18911, *14 (D.D.C. 2005) (citing *Boyd v. O'Neill*, 273 F. Supp. 2d 92, 95 (D.D.C. 2003)). Furthermore, because the plaintiff has the burden of proof to establish jurisdiction, the "'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police*, 185 F. Supp. 2d at 13-14 (citation omitted) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1350 (2d ed. 1990).

Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case. *See Coalition for Underground Expansion v. Mineta*, 357 U.S. App. D.C. 72, 333 F.3d 193, 198 (D.C. Cir. 2003); *EEOC v. St. Francis Xavier Parochial School*, 326 U.S. App. D.C. 67, 117 F.3d 621, 624-25 n. 3 (D.C. Cir. 1997); *Hohri v. United States*, 251 U.S. App. D.C. 145, 782 F.2d 227, 241 (D.C. Cir. 1986). Thus, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record." *Coalition for Underground Expansion*, 333 F.3d at 198 (quoting *Herbert v. Nat'l Acad. of Sciences*, 297 U.S. App. D.C. 406, 974 F.2d 192, 197, (D.C. Cir. 1992)). Accordingly, the court may undertake an independent inquiry to assure itself of its own subject matter jurisdiction without triggering unnecessary discovery or converting the motion to one for summary judgment pursuant to Fed. R. Civ. P. 56. *Haase v. Sessions*, 266 U.S. App. D.C. 325, 835 F.2d 902, 907-08 (D.C. Cir. 1987).

## ARGUMENT

I. **PLAINTIFF'S CLAIMS UNDER THE PHRA AND THE DCHRA ARE TIME-BARRED BY THE STATUTES OF LIMITATIONS IN THE RESPECTIVE STATUTES.**

### A. Plaintiff's Claim of Disability Discrimination under the PHRA is Time-Barred.

Count I of the Complaint alleges that defendant IBEW terminated plaintiff Kamen's employment in violation of the PHRA's prohibition against discrimination based on an individual's disability. Complaint ¶¶ 42 & 43.[2/] In order to sue under the PHRA, however, a plaintiff must first file an administrative complaint with the PHRC within 180 days of the alleged act of discrimination. 43 PA. STAT. ANN. §§ 959(a)-(h). *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d. Cir. 1997).

The Pennsylvania courts have strictly interpreted this requirement, and have repeatedly held that "persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act." *Id.* (citing *Vincent v. Fuller Co.*, 616 A.2d 969, 974 (Pa. 1992); *Fye v. Central Transp. Inc.*, 409 A.2d 2 (Pa. 1979); *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917 (Pa. 1989); *Richardson v. Miller*, 446 F.2d 1247, 1248 (3d Cir. 1971) ("Since plaintiff failed to file a charge with the respective Commissions within the appropriate time periods, he is now foreclosed from pursuing the remedies provided by the Acts.")).

---

[2/]    Section 4(a) of the PHRA, 43 PA. STAT. ANN. § 955(a), makes it unlawful "for any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability . . . to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual. . . ."

Moreover, the Pennsylvania Supreme Court held in *Vincent v. Fuller Co.* that failure to file a timely administrative complaint with the PHRC precludes seeking judicial relief under the PHRA. 616 A.2d at 974. Specifically, the Court stated:

> By necessary implication, one who files a complaint with the Commission that is later found to be untimely cannot be considered to have used the administrative procedures provided in the Act. To hold otherwise would be to permit any complainant to bypass the administrative mechanism established by the legislature by merely allowing the Act's limitation period to pass, filing a complaint that would inevitably be dismissed, and then commencing an action in court.

*Id.*

In this case, plaintiff Kamen filed with the EEOC in Pittsburgh, Pennsylvania a charge of employment discrimination based on his disability on July 6, 2005. Pursuant to a Work Sharing Agreement with the PHRC, EEOC transmitted plaintiff Kamen's July 6, 2005 charge of disability discrimination to the PHRC.[3] As such, plaintiff Kamen filed his administrative complaint 210 days after the defendant IBEW terminated his employment on December 8, 2004. Complaint at ¶ 28. Accordingly, the Court should dismiss plaintiff Kamen's claim in Count I of the Complaint that defendant IBEW terminated his employment because of his disability in violation of the PHRA since it is time-barred by the 180-day statute of limitations in the PHRA.

---

[3]  The Pennsylvania courts have ruled that, if the EEOC transmits the claim to the PHRC, the filing requirement of the PHRA is satisfied. The Pennsylvania Superior Court has held that the verified complaint filing requirement of the PHRA is satisfied if the EEOC actually transmits the EEOC charge to the PHRC. See *Lukus v. Westinghouse Elec. Corp.*, 419 A.2d 431 (Pa. Super. 1980). In that case, the Superior Court noted that the EEOC charge satisfied the pleading requirements of 43 PA. CONS. STAT. § 959, and moreover, that the PHRC treated the EEOC charge as capable of triggering PHRC action since it notified the EEOC that it was terminating its investigation of plaintiff's complaint. *Id.* at 452-53. The Pennsylvania Supreme Court has cited *Lukus*, in *dicta*, for the proposition that the PHRA filing requirement is satisfied if the EEOC forwards a charge to the PHRC. *Vincent v. Fuller Co.*, 616 A.2d at 971. Hence, there is no question that plaintiff Kamen's administrative complaint was filed with the PHRC, *albeit* 30 days beyond the applicable statute of limitations.

### B. Plaintiff's Claim of Sexual Orientation Discrimination under the DCHRA is Time-Barred.

Count II of the Complaint alleges that defendant IBEW terminated plaintiff Kamen's employment in violation of the DCHRA's prohibition against discrimination based on sexual orientation. Complaint at ¶ 48. The DCHRA makes it unlawful for an employer to terminate an employee "wholly or partially for a discriminatory reason based upon the actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, family responsibilities, genetic information, disability, matriculation, or political affiliation of any individual." D.C. CODE ANN. § 2-1402.11(a).

Section 2-1403-16(a) of the DCHRA, D.C. CODE ANN. § 2-1403.16(a), provides:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder; provided, that where the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed. No person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under this chapter may file the same complaint with the Office. *A private cause of action pursuant to this chapter shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act, or the discovery thereof*, except that the limitation shall be within 2 years of the unlawful discriminatory act, or the discovery thereof, for complaints of unlawful discrimination in real estate transactions brought pursuant to this chapter or the FHA. The timely filing of a complaint with the Office, or under the administrative procedures established by the Mayor pursuant to § 2-1403.03, shall toll the running of the statute of limitations while the complaint is pending.

Plaintiff Kamen filed the Complaint in this case on June 12, 2006. According to Section 2-1403-16(a) of the DCHRA, claims based on alleged acts of discrimination that occurred more than one year prior to the filing of a complaint are time-barred. Yet, in *Blake v. American College of Obstetricians & Gynecologists*, 608 F. Supp. 1239 (D.D.C. 1985), a former employee

filed charges of racial discrimination and retaliation with the DCOHR after her employment was terminated. The DCOHR issued a probable cause determination, but the former employee withdrew her complaint and sought redress through the judicial process.

Thereafter, the employer sought dismissal of the DCHRA claims in *Blake* because the plaintiff filed them more than one year and nine months after the employer terminated the plaintiff's employment. The plaintiff countered that the court should read tolling principles into the DCHRA to suspend running of the one-year statute of limitations during the pendency of her administrative action, which she initiated four months after her discharge. *Blake*, 608 F. Supp. at 1241. The court agreed.

However, in *Anderson v. United States Safe Deposit Co.*, 552 A.2d 859, 863 (D.C. 1989), the District of Columbia Court of Appeals subsequently refuted the holding in *Blake*. The court held in *Anderson* that the DCHRA statute of limitations bars any claim not brought within one year of its occurrence, regardless of whether the plaintiff initially filed an administrative complaint with the DCOHR. The court explained that *Blake* was erroneously based on "a perceived resemblance" between the DCHRA and Title VII of the Civil Rights Act, which caused the court to conclude that "the policy in support of conciliation and voluntary compliance through administrative proceedings would be short circuited" unless the statute of limitations was tolled during the agency process. *Anderson*, 552 A.2d at 862.

Specifically, the court held:

> With all deference, it appears to us that in reaching this conclusion, [*Blake*] overlooked two crucial distinctions between the D.C. Act and its federal "counterpart," Title VII of the Civil Rights Act. It is true that the latter enactment is plainly intended to prefer administrative remedies before resort to the courts. We perceive no such policy in our local act, as the commission of a discriminatory practice immediately vests a person aggrieved thereby with "a cause of action in any court of competent jurisdiction unless such person has filed

a complaint . . . [*i.e.*, an OHR complaint]." *See* § 1-2556(a), supra note 4. In short, unlike the federal statute, the Act provides for an *ab initio* election of remedies. *Anderson*, 552 A.2d at 862-863 (footnotes omitted).

Thereafter, in *Weiss v. International Brotherhood of Electrical Workers*, 729 F. Supp. 144, 146 (D.D.C. 1990), this Court adopted the District of Columbia Court of Appeals' reasoning in *Anderson*. *See also Clifton v. Federal National Mortgage Ass'n*, 76 Fair Empl. Prac. Cas. (BNA) 732 (D.D.C. 1997) (filing an administrative complaint with DCOHR does not toll the statute of limitations in the DCHRA).

Count II of the Complaint in this case alleges that defendants IBEW and Edwin D. Hill committed a variety of discriminatory acts against plaintiff Kamen during his tenure as an IBEW employee. However, the Complaint only alleges that termination of plaintiff Kamen's employment on December 8, 2004 was because of his sexual orientation in violation of the DCHRA.[4/] Complaint at ¶ 31. Plaintiff Kamen did not file this Complaint until June 12, 2006, more than eighteen months after the most recent alleged violation of the DCHRA occurred on December 8, 2004.

Therefore, the Court should dismiss Count II of the Complaint inasmuch as the claims against both defendants IBEW and Edwin D. Hill therein are time-barred by the DCHRA's one-year statute of limitations.

---

[4/]    Assuming, without admitting, that plaintiff Kamen could move for leave to amend the Complaint in order to assert that his sexual orientation prompted the other alleged discriminatory actions described therein; nevertheless, the Complaint does not claim that any of those alleged actions occurred **after** defendants IBEW and Hill terminated plaintiff Kamen's employment on December 8, 2004. Accordingly, such claims would similarly be time-barred.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the claim in Count I of the Complaint based on the PHRA and the claims in Count II based on the DCHRA because they are time-barred by the respective statutes of limitations in the PHRA and the DCHRA.

Respectfully submitted,

_____
TERRY R. YELLIG (D.C. Bar No. 946095)

SHERMAN, DUNN, COHEN, LEIFER & YELLIG, P.C.
900 SEVENTH STREET, N.W.
SUITE 1000
WASHINGTON, D.C. 20001
TELEPHONE NO. (202) 785-9300

Attorneys for Defendant International Brotherhood of Electrical Workers, AFL-CIO

Dated: July 21, 2006