IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Electronically Filed)

| | | |
|---|---|---|
| STEVEN A. KAMEN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:06cv01063 (RMC) |
| | ) | |
| v. | ) | |
| | ) | AMENDED COMPLAINT |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| ELECTRICAL WORKERS (IBEW) | ) | |
| and EDWIN D. HILL, an individual, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. This is an individual action under the Americans With Disabilities Act of 1990, as amended (ADA)(42 U.S.C. 12101 et seq.), the Employee Retirement Income Security Act (ERISA)(29 U.S.C. §1001 et seq.), the Pennsylvania Human Relations Act (PHRA), as amended (43 Pa. C.S.A. §951 et seq.), the D.C. Human Rights Act of 1977 (DCHRA), as amended (D.C. Official Code Ann. §2.1401 et seq.), and Pennsylvania common law to recover damages for illegal actions against Plaintiff by Defendants and to make Plaintiff whole.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 for federal claims; 28 U.S.C. §1367 for supplemental state claims; and, 28 U.S.C. §1332 for diversity jurisdiction.

3. The Parties are citizens of different states.

4. The amount in controversy exceeds $75,000.

5. This action is authorized and instituted pursuant to the ADA, ERISA, PHRA, the DCHRA and Pennsylvania common law.

6. The actions and policies alleged to be unlawful were committed in part in and around Washington, D.C., where Defendant IBEW has its headquarters, and where Defendant Hill has his regular office and, therefore, this action is within the jurisdiction of the United States District Court for the District of Columbia and the venue is proper.

7. Plaintiff exhausted his administrative remedies by filing with the Equal Employment Opportunity Commission (EEOC) (April 26, 2005); the Pennsylvania Human Relations Commission (PHRC) (April 26, 2005); and, the D.C. Office of Human Rights (May 9, 2005) within the statutory periods (300 days / 180 days / one year, respectively) following the complained-of acts. The EEOC issued a Right to Sue, and Plaintiff filed the initial Complaint within ninety days of having received the Right to Sue, and more than one year after filing his PHRA Charge, and within one year of defendants' continuing violation of the DCHRA.

**PARTIES**

8. Plaintiff, Steven A. Kamen (hereinafter referred to as "Plaintiff" or "Kamen") (D.O.B.: 7/28/57), resided at all relevant times at 3 Fincher Lane, Butler, PA 16001, and currently resides at 711 West Penn Street, Butler, PA 16001-4141. Plaintiff was employed by Defendant as a Senior International Representative from on or about July 1, 1997, until on or about December 8, 2004.

9. Defendant International Brotherhood of Electrical Workers (hereinafter referred to as

"Defendant IBEW" or "IBEW"), is an organized labor union with its administrative offices and headquarters located at 900 Seventh Street, N.W., Washington, D.C. 20001 and is a citizen of the District of Columbia.

10. Defendant IBEW also maintains a continuous business presence in Pennsylvania.

11. Defendant Hill regularly conducts business on behalf of Defendant in Pennsylvania.

12. Defendant Edwin D. Hill (hereinafter referred to as "Defendant Hill" or "Hill"), is a citizen of Virginia and resides at 6662 Avignon Boulevard, Falls Church, VA 22043. He is the President of Defendant IBEW.

13. Defendant IBEW is an employer within the meaning of the ADA, the PHRA, the DCHRA and ERISA, and a fiduciary within the meaning of ERISA.

14. Defendant IBEW engages in interstate commerce.

15. Defendant Hill is an employer and fiduciary within the meaning of ERISA, and a covered person within the meaning of the PHRA and DCHRA.

**BACKGROUND AND STATEMENT OF CLAIMS**

16. Defendant IBEW hired Plaintiff as an International Representative on or about July 1, 1997, and Plaintiff was eventually promoted to the position of Senior International Representative.

17. Plaintiff consistently performed his duties in a satisfactory manner.

18. Plaintiff's office was in Western Pennsylvania; IBEW is located in D.C.; Plaintiff reported to Edwin Hill, whose primary office is at the IBEW headquarters in D.C..

19. On or about February 20, 2004, Plaintiff became ill and was hospitalized.

20. Plaintiff was diagnosed with human immunodeficiency virus (HIV).

21. Defendants were informed of this diagnosis shortly after Plaintiff was informed of the diagnosis, and prior to Plaintiff's termination.

22. Plaintiff is homosexual.

23. Defendants became aware of Plaintiff's homosexuality at or about the same time they became aware of his diagnosis.

24. Plaintiff's medical conditions significantly limit Plaintiff's ability to perform major life activities (walking; sleeping; working; engaging in strenuous activities) as compared to the average person.

25. Plaintiff's conditions are a substantial impairment within the meaning of the ADA.

26. Plaintiff has a history of a substantial impairment.

27. Plaintiff has been perceived by Defendant as having a substantial impairment.

28. On or about May 1, 2004, Plaintiff was able to return to work.

29. During his medical leave Plaintiff's work load was reduced, but he continued to do work from his home.

30. Upon Plaintiff's return to work not all of his regular duties were restored to him.

31. Plaintiff requested his regular duties be restored; Defendants denied the request.

32. Plaintiff was capable of performing the essential functions of his position as a Senior International Representative from the time he returned to work from his medical leave either with or without a reasonable accommodation.

33. Nevertheless, upon his return to work in May 2004, Plaintiff was denied training opportunities; was not permitted to assist at manufacturing conferences; was never given back the duties Plaintiff had been assigned prior to Plaintiff's going out on sick leave; and, was not promoted to a position (Director) that became available despite his being the most qualified candidate.

34. Plaintiff was not promoted to the position of Director in Washington, D.C., even though Plaintiff was the only candidate for the position, and despite Defendants having told Plaintiff prior to his medical leave that the position would be his.

35. Notwithstanding the time off for medical leave and notwithstanding his medical condition, Plaintiff was still able to perform satisfactorily as compared to other International

Representatives.

36. Plaintiff continued to work until he received a termination letter from Defendants, signed by Edwin Hill, dated December 8, 2004.

37. Defendants alleged in the letter that Plaintiff was terminated for performance reasons, including failure to file certain expense reports in a timely fashion and to complete his assignments acceptably.

38. The reasons were false, either to the extent the facts alleged were simply not true or to the extent these facts were taken out of context for the purpose of creating false impressions and supporting false conclusions.

39. Defendant Hill made these false statements about Plaintiff and about Plaintiff's competence maliciously and for the purpose of interfering with Plaintiff's continuing business relationship with IBEW.

40. Defendant Hill made these false statements both in writing and verbally to other employees of IBEW.

41. None of Defendants' other International Representatives, whose work was inferior to Plaintiff's, have ever been terminated for performance.

42. Moreover, other International Representatives whose expense reports were late, had incomplete paperwork, and who were late with their assignments were not terminated as Plaintiff was.

43. Plaintiff was fully qualified to perform the essential functions of his existing position, or other positions available with IBEW, with or without a reasonable accommodation.

44. Non-disabled and heterosexual individuals are treated better in similar circumstances.

45. Defendants maintain an employee welfare benefit plan for qualified employees.

46. This plan provides a variety of benefits (medical, dental, surgical, disability).

47. This plan is covered by ERISA.

48. Plaintiff was an eligible employee.

49. As a result of Plaintiff's medical condition, and treatment for that condition, Plaintiff incurred significant medical expenses that were paid under Defendants' plan.

50. Defendants terminated Plaintiff in order to interfere with his continuing receipt of these health benefits, and also to interfere with Plaintiff's ability to receive certain disability benefits (monthly payments, coverage of COBRA payments).

51. Members of the IBEW, including management, regularly mock and ridicule homosexuals, and express opposition to being associated with homosexuals.

52. The IBEW has had and continues to have a practice of systematic hostility toward homosexuals.

53. **This hostility is embedded in a culture fostered and sustained by senior management in IBEW, including Defendant Hill.**

54. **This hostility manifested itself not only in overtly anti-homosexual language by IBEW employees and management, but in anti-homosexual hiring practices.**

55. **This hostility continued unabated during Plaintiff's employment with IBEW, and continues unabated through the present time.**

56. **Plaintiff was terminated because of his medical condition (disability), because of Defendants' unwillingness to accommodate Plaintiff, because of Plaintiff's sexual orientation, and in order to interfere with Plaintiff's continuing receipt of medical benefits.**

57. **Defendant Hill aided and abetted in the commission of the disability discrimination within the meaning of the PHRA.**

### COUNT I:  DISABILITY DISCRIMINATION (ADA) - DEFENDANT IBEW

58. **Plaintiff hereby incorporates Paragraphs 1 through 57 of his Amended Complaint as though the same were more fully set forth at length herein.**

59. **Plaintiff is a qualified individual with a disability.**

60. **Defendant IBEW terminated Plaintiff because of his disability.**

61. **Defendant also terminated Plaintiff because of its unwillingness to accommodate**

        **Plaintiff's known disability.**

62.    **Defendant IBEW's actions were in violation of the ADA's prohibition against discrimination based on disability.**

63.    **Defendant knew its actions against Plaintiff were in violation of the ADA.**

64.    **Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law: loss of job and pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.**

65.    **Plaintiff is seeking lost wages, compensation for pain and suffering, attorney's fees and costs, compensatory and punitive damages, and equitable relief (reinstatement in his previous position).**

        **COUNT II: DISABILITY DISCRIMINATION (PHRA) - DEFENDANTS IBEW AND EDWIN HILL**

66.    **Plaintiff hereby incorporates Paragraphs 1 through 65 of his Amended Complaint as though the same were more fully set forth at length herein.**

67.    **Plaintiff is a qualified individual with a disability.**

68.    **Defendants IBEW and Edwin Hill terminated Plaintiff because of his disability.**

69.    **Defendants also terminated Plaintiff because of their unwillingness to accommodate Plaintiff's known disability.**

70. Defendant Hill aided and abetted in the commission of the disability discrimination within the meaning of the PHRA.

71. Defendants' actions were in violation of the PHRA's prohibition of discrimination based on disability.

72. Defendants knew their actions against Plaintiff were in violation of the PHRA.

73. Plaintiff has suffered tangible and intangible losses resulting from Defendants' violation of the law: loss of job and pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

74. Plaintiff is seeking lost wages, compensation for pain and suffering, attorney's fees and costs, compensatory damages, and equitable relief (reinstatement in his previous position).

### COUNT III:  ERISA (INTERFERENCE WITH BENEFITS) - DEFENDANTS IBEW AND EDWIN HILL

75. Plaintiff hereby incorporates by reference herein Paragraphs 1 through 74 of his Amended Complaint as though the same were more fully set forth within.

76. Defendants terminated Plaintiff in order to interfere with his continuing receipt of medical and other benefits included in Defendants' employee welfare benefit plan.

77. Defendants' actions were in violation of ERISA.

78. Defendants' violation of the law was knowing, willful and malicious.

79. Plaintiff is seeking lost benefits, reimbursement for out-of-pocket expenses, liquidated damages, attorney's fees and costs, and equitable relief (reinstatement in his previous position).

### COUNT IV: SEXUAL ORIENTATION DISCRIMINATION (D.C. HUMAN RIGHTS ACT OF 1977) - DEFENDANTS IBEW AND HILL

80. Plaintiff hereby incorporates Paragraphs 1 through 79 of his Amended Complaint as though the same were more fully set forth at length herein.

81. Defendants' termination of Plaintiff based on his sexual orientation was in violation of the D.C. Human Rights Act's prohibition against discrimination based on sexual orientation.

82. Defendants knew their actions against Plaintiff were in violation of the D.C. Human Rights Act.

83. Defendants have had and continue to maintain through the present a policy and practice of hostility and prejudice toward homosexuals.

84. This policy and practice is a continuing violation of the DCHRA.

85. Plaintiff has suffered tangible and intangible losses resulting from Defendants' violations of the law: loss of job and pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

86. Plaintiff is seeking lost wages, compensation for pain and suffering, attorney's fees and

costs, compensatory and punitive damages, and equitable relief (reinstatement in his previous position, cessation of the policy and practice of prejudice against homosexuals).

**COUNT V:  TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP - DEFENDANT HILL**

87. Plaintiff hereby incorporates by reference Paragraphs 1 through 86 of his Amended Complaint as though the same were more fully set forth at length herein.

88. Defendant Hill made knowingly false statements in writing and verbally about Plaintiff's performance and his competence as a Senior International Representative.

89. Hill communicated these false statements to numerous members of the IBEW.

90. These communications were not privileged.

91. Defendant Hill's purpose in making these knowingly false statements was to interfere with Plaintiff's existing business relationship with Defendant IBEW and to harm Plaintiff's reputation in the field of union representation.

92. The false statements in fact interfered with Plaintiff's business relations with IBEW (resulting in his termination), and have resulted in diminished earning potential in the field of union representation generally.

93. The harm to Plaintiff's past and future earnings, and to his reputation in the field of union representation, exceeds $75,000.00.

**GENERAL PRAYER FOR RELIEF**

94. WHEREFORE, Plaintiff respectfully requests that this Court:

   A. Order Defendants to make whole Plaintiff by paying monetary damages <u>in excess of $75,000.00</u>, reinstating Plaintiff and providing affirmative relief necessary to eradicate the effects of their deprivation of Plaintiff's civil rights and their other unlawful actions.

   B. Order Defendants to compensate Plaintiff for the injuries to his reputation, and the emotional distress, sustained as a result of Defendants' illegal actions.

   C. Order Defendants to pay compensatory and punitive damages.

   D. Order Defendants to pay the costs and reasonable attorney's fees incurred by Plaintiff.

   E. Enjoin Defendants from the ongoing deprivation of Plaintiff's civil rights, and from their continuing policy and practice of prejudice against homosexuals.

   F. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 s/Joseph H. Chivers
Joseph H. Chivers, Esquire
DC ID No. 388350
PA ID No. 39184
Suite 600, 312 Boulevard of the Allies
Pittsburgh, PA 15222
(412) 281-1110 / (412) 281-8481 FAX

 s/Bart T. Valad
Bart T. Valad, Esquire
DC ID No. 462814
John Vecchione, Esquire
The Law Firm of Bart T. Valad, PLLC
Suite 200, 10640 Main Street
Fairfax, VA 22030
(703) 352-4800

Counsel for Plaintiff
Steven A. Kamen

DATED: <u>August 14, 2006</u>