IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KAMEN | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:06cv01063 (RMC) |
| | ) |
| v. | ) |
| | ) |
| INTERNATIONAL BROTHERHOOD OF | ) Electronically Filed |
| ELECTRICAL WORKERS (IBEW) | ) |
| and EDWIN D. HILL, an individual, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
PARTIAL MOTION TO DISMISS AMENDED COMPLAINT**

**AND NOW COMES** Plaintiff, Steven A. Kamen, by and through his counsel, Joseph H. Chivers, Esquire, and hereby submits the following Brief in Opposition to Defendant's Motion to Dismiss Amended Complaint.

**12(b)(6) STANDARD OF REVIEW**

The court is bound to accept all allegations in the pleadings as true in deciding a motion to dismiss. See *Connelly v. Gibson*, 355 U.S. 41, 48 (1957); *Larijani v. Georgetown University*, 791 A.2d 41, 43 (D.C. 2002). Similarly, Plaintiff must be given the benefit of every favorable inference that can be drawn from those allegations. Dismissal under 12(b)(6) may be granted

only if it appears to a certainty that a plaintiff is entitled to no relief under any stated facts which could be proved in support of the claim. *Haines v. Kerner*, 404 U.S. 519, 92 Sup. Ct. 594, 30 L.Ed 2d 652 (1972) (dismissal limited to instances where it is certain no relief could be granted under any set of facts that could be proved) (emphasis provided).

For purposes of a 12(b)(6) motion, the court may only consider the complaint and those exhibits reasonably incorporated by reference in the complaint. *Carter v. Stanton*, 405 U.S. 669 (1972); Fed. R. Civ. P. 10(c). If, in support of a 12(b)(6) motion, matters outside the pleadings are presented, and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of under Rule 56. *Carter v. Stanton*, 405 U.S. 669.

## ARGUMENT

A. **PLAINTIFF FILED HIS CHARGE OF DISCRIMINATION WITH THE EEOC AND THE PHRC ON APRIL 26, 2005, WELL WITHIN THE RESPECTIVE STATUTES OF LIMITATIONS (300 DAYS / 180 DAYS).**

Defendant misses the point. The question regarding the timeliness of the PHRC complaint[1] is simple: Does the filing of the Charge of Discrimination on April 26, 2005, with the EEOC constitute the filing of a charge with PHRC as well? The answer is clearly yes.

The Charge of Discrimination was filed with a letter from Kamen's lawyer on April 26, 2005. Exhibit 1. The Charge was date/time stamped by the EEOC reflecting the fact that the Charge was indeed filed on that date. A copy of the Charge was sent to the PHRC at the same

---

[1]The Complaint was filed by hand delivery with the EEOC on April 26, 2005, and mailed to the PHRC the same day. See Exhibit 1.

time (see the distribution list of ccs at the bottom of the cover letter).  Even if the PHRC had not been sent a copy at the same time, the Work Sharing Agreement between EEOC and the PHRC makes filing with one agency the equivalent of filing with the other.  See Work Sharing Agreement (II. Filing of Charge of Discrimination: "In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purposes of receiving and drafting charges."), marked as Exhibit 2 and attached hereto.  Importantly, a Charge such as the one filed by Plaintiff on April 26, 2005, is considered to have been filed with the EEOC upon the Commission's receipt of the document, i.e. April 26, 2005.  29 CFR §1601.13(a)(*ii*)(A).

A related question is whether the Charge that was filed by Plaintiff on April 26, 2005, satisfies the requirements of both EEOC and the PHRC for constituting a Charge of Discrimination.  Clearly the papers filed on April 26, 2005, are adequate to constitute a charge under both EEOC and PHRC guidelines.  See 29 CFR §1601.9, Form of Charge ("a Charge shall be in writing and signed and shall be verified"); 1601.12, Contents of Charge; Amendment of Charge; Sections (a), (b) (Most significantly, the regulations are clear that a Charge is sufficient when the Commission receives from the person making the Charge a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of.)  Id., subsection (b).  As for whether what was filed on April 26, 2005, meets PHRC standards, 43 P.S. §959(a) states:

> Any person claiming to be aggrieved by an alleged unlawful discriminatory practice may make, sign and file with the Commission a verified complaint, in writing, which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful discriminatory practice complained of, and which shall set forth the particulars

thereof and contain such other information as may be required by the Commission.

The bottom line is that Kamen filed a timely Charge of Discrimination with both EEOC and the PHRC on April 26, 2005, well within the 180 day limit imposed under the Pennsylvania Human Relations Act. Defendant's Motion to Dismiss the PHRC claim, therefore, should be denied.

B.     **D.C. HUMAN RIGHTS ACT**

The question is whether Plaintiff's filing a Charge of Discrimination with the D.C. Human Rights Commission tolls the statute of limitations for purposes of then filing in federal court. The Superior Court of the District of Columbia has ruled that the filing does indeed toll the statute. *Vitikacs v. The American Legion*, 2003 WL 22004935 (D.C. Super. 2003). Importantly, the Court emphasizes the policy purpose served by the filing requirement is to put the defendant on notice and avoid having the defendants defend themselves against stale claims. Id. at page 3. Obviously, Defendants in the instant action knew fully of the claim being brought against them by Kamen under the D.C. Human Rights Act well before the expiration of the one-year statute of limitations. Moreover, Plaintiff initiated the instant action in federal court within a matter of weeks after withdrawing his claim from the D.C. Human Rights Commission. Under any reasonable interpretation of the D.C. Code, therefore, as interpreted by the Court in *Vitikacs*, Kamen's Complaint is timely. Defendants' Motion should therefore be denied.

C. **THE MOST ANALOGOUS D.C. CLAIM FROM WHICH TO BORROW THE STATUTE OF LIMITATIONS FOR THE §510 ERISA CLAIM IS THE CLAIM FOR WRONGFUL DISCHARGE, WHICH HAS A TWO-YEAR STATUTE.**

The question of the applicable statute of limitations where the Congress has not defined the specific statute has been troublesome to say the least.  See *Jones v. RR Donnelly & Sons Company*, 541 U.S. 369, 377, 379 (2004).  While Congress corrected much of the confusion regarding the applicable statute of limitations by enacting 28 U.S.C.A. §1658(a), not all of the questions are resolved since not all of the statutes under which a claim is brought have been amended since 1991 (the date of the amendments to the Civil Rights Act).  In the instant case, it appears a Section 510 ERISA claim is not covered under 28 U.S.C.A. §1658(a).  However, it also appears the most analogous state statute of limitations is a two-year statute of limitations, not the one-year statute of limitations argued by Defendant.  See *Berger v. AXA Network, LLC*, 459 Fed.3d 804 (7th Cir. 2006).

In *Berger*, the Seventh Circuit describes in great detail the various tools used in determining the applicable statute of limitations, and concludes that the driving rationale in choosing the most analogous state statute of limitations is to assure the underlying policy concerns in the federal law (in this case ERISA) are satisfied by the state statute of limitations.  The Court further finds that the underlying purpose of Section 510 is to protect workers against the "disruption of employment privileges to prevent (i.e. interfere with) the vesting or enjoyment of benefit rights."  Id. at 814.  The Court goes on to find that the most analogous Illinois statute would be the one for the Illinois tort of retaliatory discharge because the notion of retaliatory discharge captured "the essence of the federal claim in question." Id.  Similarly, the Court

concluded that a New York cause of action regarding retaliatory discharge also served the same purpose and was, therefore, the most analogous to Section 510. Id., citing *Teunerb v. General Motors Corporation*, 34 Fed. 3d 542, 546-47 (7th Cir. 1994).

In the District of Columbia, courts have recognized the cause of action for wrongful discharge against public policy. See *Owens v. National Medical Care, Inc.*, 337 F.Supp.2d 131 (DDC 2004). The interference with ERISA rights is clearly against public policy, both federal and state. Similarly, termination in order to interfere with the receipt of these benefits frustrates the underlying purpose of the federal law. Thus, the cause of action for wrongful discharge most closely parallels the Section 510 ERISA protection against interference with the receipt of benefits and, therefore, the two-year statute of limitations for the tort of wrongful discharge applies. As such, Kamen's claims are timely and Defendants' Motion should be dismissed.

**WHEREFORE**, Defendant's Motion to Dismiss Amended Complaint fails and Plaintiff respectfully requests Defendant's Motion to Dismiss be denied and this matter set for further proceedings.

Respectfully submitted,

 s/Joseph H. Chivers
Joseph H. Chivers, Esquire
DC ID No. 388350
PA ID No. 39184
Suite 600, 312 Boulevard of the Allies
Pittsburgh, PA  15222
(412) 281-1110 / (412) 281-8481 FAX
jchivers@employmentrightsgroup.com

      s/Bart T. Valad
Bart T. Valad, Esquire
DC ID No. 462814
John Vecchione, Esquire
Valad & Vecchione, PLLC
3863 Plaza Drive
Fairfax, VA  22030
(703) 352-4800

Counsel for Plaintiff
Steven A. Kamen

Dated:  October 4, 2006