## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STEVEN A. KAMEN** | ) | |
| | ) | **Case No. 1:06CV01063 (RMC)** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INTERNATIONAL BROTHERHOOD** | ) | |
| **OF ELECTRICAL WORKERS, AFL-CIO and** | ) | |
| **EDWIN D. HILL, an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff Steven A. Kamen moves the Court for leave to file a response to defendants' reply memorandum in support of their motion to dismiss. In support of his request, plaintiff Kamen asserts "[t]here are new, substantive arguments made by Defendants that warrant a response that, in turn, should assist the court in reaching a decision." Defendants oppose plaintiff Kamen's motion for leave to file a response to defendants' reply memorandum in support of their motion to dismiss for the following reasons.

**1.    Plaintiff's Counsel Failed to Confer with Defendants' Counsel Before Filing This Motion as Required by Local Rule 7(m).**

Local Rule 7(m) states:"[b]efore filing a nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." Local Rule 7(m) further states: "[a] party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed."  Plaintiff Kamen's counsel failed to comply with Local Rule

7(m) inasmuch as he failed to discuss with defendants' counsel the anticipated motion for leave to file a memorandum in response to defendants' reply memorandum.[1] The Court should deny any nondispositive motion filed by either side unless it complies with Local Rule 7(m). *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 185, 186 (D.D.C. 1999) (citing Local Rule 108(m), which is the predecessor to Local Rule 7(m)). Therefore, the Court should deny plaintiff Kamen's motion for leave to file a memorandum in response to defendants' reply memorandum because it does not comply with Local Rule 7(m).

**2.     Plaintiff Kamen's Motion for Leave to File a Memorandum in Response to Defendants' Reply Memorandum in Support of Their Motion to Dismiss Does Not Meet the Standard for Granting Leave to File a Surreply.**

The memorandum in response to defendants' reply memorandum, which plaintiff Kamen seeks leave of Court to file, is commonly called a surreply." The Local Rules do not contemplate a response to a reply memorandum. Local Rule 7(b) permits a nonmoving party to file a memorandum of points and authorities in opposition to a dispositive motion within eleven (11) days after service of the motion, and Local Rule 7(d) permits the moving party to file a reply memorandum within five (5) days after service of the memorandum in opposition to the motion. The Local Rules do not address the propriety of filing surreply memoranda. Notwithstanding, in certain extraordinary cases presentation of rebuttal arguments may be appropriate outside the pleadings permitted as of right.

"The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's

---

[1]     Additionally, plaintiff Kamen's motion lacks both a statement that opposing counsel discussed the proposed motion and a statement as to whether defendants oppose the motion. Local Rule 7(m) expressly requires that both of these conditions must be satisfied in order for the Court to consider a nondispositive motion.

reply." *Robinson v. The Detroit News*, Inc., 211 F. Supp. 2d. 101, 112 (D.D.C. 2002) (citing *Lewis v. Rumsfeld*, 154 F. Supp.2d 56, 61 (D.D.C.2001)), *see also Stanford v. Potomac Elec. Power Co.*, 394 F. Supp. 2d 81, 86-87 (D.D.C. 2005) ("the moving party must show that the reply filed by the moving party raised new arguments that were not included in the original motion.") (quoting *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001)). A surreply memorandum is most appropriate where the new matter introduced is factual. *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276-277 (D.D.C. 2002); *cf. Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave to file a surreply to respond to a new declaration).

Plaintiff Kamen's motion for leave to file a memorandum in response to defendants' reply memorandum states: "[t]here are new, substantive arguments made by Defendants that warrant a response that, in turn, should assist the court in reaching a decision." However, plaintiff Kamen's motion fails to identify with any specificity the new arguments defendants supposedly made in their reply memorandum of points and authorities that justify giving him the extraordinary opportunity to present additional rebuttal arguments outside the pleadings permitted as of right. Moreover, plaintiff Kamen's motion does not indicate that the new matters allegedly presented in defendant's reply memorandum of points and authorities are factual in nature. In fact, plaintiff Kamen's characterization of the alleged new matters as "substantive arguments" seems to indicate that they are not factual at all.

In any event, plaintiff Kamen's failure specifically to identify the new arguments defendants supposedly made in their reply memorandum of points and authorities, which he contends justify granting him leave to file a surreply memorandum, would result in the Court and the defendants relying on his conclusory representation with no means of verifying it until he

files his surreply memorandum. This does not satisfy the well-settled standard for granting leave to file a surreply and, therefore, the Court should deny plaintiff Kamen's motion for leave to file a memorandum in response to defendants' reply memorandum.

## **CONCLUSION**

The Court should deny plaintiff Kamen's motion for leave to file a memorandum in response to defendants' reply memorandum because his counsel failed to confer with defendants' counsel before filing it, as required by Local Rule 7(m), and because it does not satisfy the standard applicable to granting  leave to file a surreply memorandum.

Respectfully submitted,

TERRY R. YELLIG (D.C. Bar No. 946095)

SHERMAN, DUNN, COHEN, LEIFER & YELLIG, P.C.
900 SEVENTH STREET, N.W.
SUITE 1000
WASHINGTON, D.C. 20001
TELEPHONE NO. (202) 785-9300

Attorneys for Defendants International Brotherhood of Electrical Workers, AFL-CIO, and Edwin D. Hill

Dated: October 30, 2006