IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN A. KAMEN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  1:06cv01063 (RMC) |
| | ) | |
| v. | ) | JUDGE ROSEMARY M. COLLYER |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| ELECTRICAL WORKERS (IBEW) | ) | |
| and EDWIN D. HILL, an individual, | ) | Electronically Filed |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

AND NOW COMES Plaintiff, Steven A. Kamen, by and through his counsel, Joseph H. Chivers, Esquire, and files the following Response to Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss.

Plaintiff wishes to address just the first of Defendants' arguments (regarding the PHRC Charge):

**DEFENDANT IS ESSENTIALLY ASKING THIS COURT TO DISREGARD FEDERAL REGULATIONS, STATE REGULATIONS AND THE WRITTEN AGREEMENT BETWEEN THE FEDERAL AND STATE AGENCIES REGARDING THE ADEQUACY AND TIMING OF A CHARGE OF DISCRIMINATION.**

The only argument of any note Defendants have made is to rely upon a Pennsylvania court decision that is, simply put, not on point.  In *Commonwealth of Pennsylvania v. School District of Philadelphia,* 616 A.2d 969 (Pa 1992), the concern was that there was no "verified" Charge of Discrimination timely filed with PHRC. Plaintiff had failed to file any charge, whether verified or not, with PHRC until nearly two years after he became aware of the final action being taken against

him.  Id. at 970-971.  In the instant case, there is no question about whether Kamen did or did not file a charge within the 180 days, and that what he filed (see General Information Questionnaire attached to April 26, 2005, letter) specifically states:

> I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief.  See p.3 of Questionnaire.

On its face this verification, together with the extensive information provided by Kamen on April 26, 2005, in the questionnaire, more than satisfies the PHRC standards for a "verified" charge.

Kamen availed himself of the federal and state regulatory process for filing his Charge of Discrimination, a process that explicitly includes a method by which filing with the federal agency also satisfies the requirement for filing with the state agency.  Moreover, at no point did either agency contest the adequacy of the charge for jurisdictional purposes.  In particular, the Pennsylvania Human Relations Commission indicated at the beginning of the process that the charge was considered filed with EEOC and PHRC, and that it would defer to EEOC (see Exhibit 1, PHRC letter of September 27, 2005).  PHRC made no mention of the charge being inadequate.

Defendant is asking this Court to ignore the clear pronouncements of both the federal and state agencies regarding not only the process for filing a Charge of Discrimination but also to ignore both agencies' obvious acceptance of Kamen's charge for jurisdictional purposes.  It is a longstanding rule that courts are to give great deference to the agencies responsible for implementing and enforcing a specific law.  See, e.g., *Auer v. Robins*, 519 U.S. 452, 461 (1997).  It is also the court's duty to give full effect to these rules absent a clear violation of the statute, and also to resolve any potential contradictions or conflicts between the respective laws and the regulations in order to give them all full effect.  See *Auer,* op cit..  That is the situation in the instant case.

                                      **Respectfully submitted,**

                                      **s/Joseph H. Chivers**
                                      **Joseph H. Chivers, Esquire**
                                      **DC ID No. 388350**
                                      **PA ID No. 39184**
                                      **Suite 600,  312 Boulevard of the Allies**
                                      **Pittsburgh, PA  15222-1923**
                                      **jchivers@employmentrightsgroup.com**
                                      **(412) 281-1110 / (412) 281-8481 FAX**

                                      **Counsel for Plaintiff**
                                      **Steven A. Kamen**

**DATE:** **November 3, 2006**