**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **STEVEN A. KAMEN** | ) | |
| | ) | **Case No. 1:06CV01063 (RMC)** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO and EDWIN D. HILL, an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

Come now defendants International Brotherhood of Electrical Workers, AFL-CIO (IBEW), and Edwin D. Hill, International President of the International Brotherhood of Electrical Workers, AFL-CIO, by and through their undersigned counsel, and for their Answer to the Amended Complaint allege as follows:

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. Paragraph 1 of the Amended Complaint contains plaintiff's characterization of his case, to which no answer is required. To the extent that an answer may be required, defendants deny each averment set forth in Paragraph 1..

2. Defendants admit that plaintiff attempts to invoke the Court's jurisdiction under the statutory provisions identified in Paragraph 2 of the Amended Complaint. Defendants deny each of the remaining averments in Paragraph 2 of the Amended Complaint.

3. Defendants admit the averments in Paragraph 3 of the Amended Complaint.

4. Defendants deny the averment in Paragraph 4 of the Amended Complaint that the amount in controversy exceeds $75,000.00.

5. Paragraph 5 of the Amended Complaint contains plaintiff's characterization of his case, to which no answer is required. To the extent an answer may be required, defendants deny each averment in Paragraph 5 of the Amended Complaint.

6. Defendants admit that defendant IBEW has its headquarters in Washington, D.C., and that defendant Edwin D. Hill has his regular office in Washington, D.C. and deny each of the remaining averments in Paragraph 6 of the Amended Complaint.

7. Defendants deny each of the averments in Paragraph 7 of the Amended Complaint.

**PARTIES**

8. Defendants admit the averments in Paragraph 8 of the Amended Complaint.

9. Defendants admit the averments in Paragraph 9 of the Amended Complaint.

10. The averment in Paragraph 10 of the Amended Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the averment in Paragraph 10 is denied

11. The averment in Paragraph 11 of the Amended Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the averment in Paragraph 11 is denied.

12. Defendants admit the averments in Paragraph 12 of the Amended Complaint.

13. The averments in Paragraph 13 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, each of the averments in Paragraph 13 is denied.

14. The averment in Paragraph 14 of the Amended Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the averment in Paragraph 14 is denied.

15. The averments in Paragraph 15 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, each of the averments in Paragraph 15 is denied.

**BACKGROUND AND STATEMENT OF CLAIMS**

16. Defendants admit the averments in Paragraph 16 of the Amended Complaint.

17. Defendants deny each of the averments in Paragraph 17 of the Amended Complaint.

18. Defendants admit the averments in Paragraph 18 of the Amended Complaint.

19. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 19 of the Amended Complaint that plaintiff became ill and was hospitalized on or about February 20, 20004. To the extent that a response is required, the averment in Paragraph 19 is denied.

20. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 20 of the Amended Complaint that plaintiff was diagnosed with human immunodeficiency virus (HIV). To the extent that a response is required, the averment in Paragraph 20 is denied.

21. Defendants deny each of the averments in Paragraph 21 of the Amended Complaint.

22. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 22 of the Amended Complaint that

plaintiff is homosexual. To the extent that a response is required, the averment in Paragraph 22 is denied.

23. Defendants deny each of the averments in Paragraph 23 of the Amended Complaint.

24. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 of the Amended Complaint that plaintiff's medical conditions significantly limit his ability to perform major life activities (walking, sleeping, working, engaging in strenuous activities) as compared to the average person. To the extent that a response is required, each of the averments in Paragraph 24 is denied.

25. The averments in Paragraph 25 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, each of the averments in Paragraph 25 is denied.

26. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 26 of the Amended Complaint that plaintiff has a history of a substantial impairment. To the extent that a response is required, the averment in Paragraph 26 is denied.

27. Defendants deny that they perceived plaintiff as having a substantial impairment as alleged in Paragraph 27 of the Amended Complaint.

28. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 28 of the Amended Complaint that plaintiff was able to return to work on or about May 1, 2004. To the extent that a response is required, the averment in Paragraph 28 is denied.

29. Defendants admit that plaintiff's workload was reduced because he failed adequately to perform his assignments and deny each of the remaining averments in Paragraph 29 of the Amended Complaint.

30. Defendants admit that plaintiff's workload was never restored to its former level because he failed adequately to perform his assignments and deny each of the remaining averments in Paragraph 30 of the Amended Complaint.

31. Defendants deny each of the averments in Paragraph 31 of the Amended Complaint.

32. Defendants deny each of the averments in Paragraph 32 of the Amended Complaint.

33. Defendants deny each of the averments in Paragraph 33 of the Amended Complaint.

34. Defendants deny each of the averments in Paragraph 34 of the Amended Complaint.

35. Defendants deny each of the averments in Paragraph 35 of the Amended Complaint.

36. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36 of the Amended Complaint that plaintiff continued to work until he received a termination letter from defendant Edwin D. Hill dated December 8, 2004. To the extent that a response is required, each of the averments in Paragraph 36 is denied.

37. Defendants admit the averments in Paragraph 37 of the Amended Complaint.

38. Defendants deny each of the averments in Paragraph 38 of the Amended Complaint.

39. Defendants deny each of the averments in Paragraph 39 of the Amended Complaint.

40. Defendants deny each of the averments in Paragraph 40 of the Amended Complaint, including those, which allege that defendant Edwin D. Hill made any false statements, written or verbal about the plaintiff.

41. Defendants deny each of the averments in Paragraph 41 of the Amended Complaint.

42. Defendants deny each of the averments in Paragraph 42 of the Amended Complaint.

43. The averments in Paragraph 43 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, each of the averments in Paragraph 43 is denied.

44. Defendants deny each of the averments in Paragraph 44 of the Amended Complaint.

45. Defendants admit the averments in Paragraph 45 of the Amended Complaint.

46. Defendants admit the averments in Paragraph 46 of the Amended Complaint.

47. The averment in Paragraph 47 of the Amended Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the averment in Paragraph 47 is denied.

48. The averment in Paragraph 48 of the Amended Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the averment in Paragraph 48 is denied.

49. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 49 of the Amended Complaint. To the extent that a response is required, each of the averments in Paragraph 49 is denied.

50. Defendants deny each of the averments in Paragraph 50 of the Amended Complaint.

51. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 51 of the Amended Complaint. To the extent that a response is required, each of the averments in Paragraph 51 is denied.

52. Defendants deny each of the averments in Paragraph 52 of the Amended Complaint; including the averment that defendant IBEW has a practice of systematic hostility toward homosexuals.

53. Defendants deny each of the averments in Paragraph 53 of the Amended Complaint, including the averment that defendants IBEW and/or Edwin D. Hill have fostered and/or sustained a culture of hostility toward homosexuals.

54. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 54 of the Amended Complaint, except that defendants deny they have maintained any anti-homosexual hiring practices. To the extent a response to the remaining averments is required, each of the averments in Paragraph 54 is denied.

55. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 55 of the Amended Complaint, except that defendants deny they have maintained any anti-homosexual hiring practices. To the extent a response to the remaining averments is required, each of the averments in Paragraph 55 is denied.

56. Defendants deny each of the averments in Paragraph 56 of the Amended Complaint.

57. Defendants deny each of the averments in Paragraph 57 of the Amended Complaint.

**COUNT I: DISABILITY DISCRIMINATION (ADA) – DEFENDANT IBEW**

58. Defendants incorporate by reference its responses to Paragraphs 1 through 57, inclusive, of the Amended Complaint as if set forth herein in their entirety.

59. The averments in Paragraph 59 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, each of the averments in Paragraph 59 is denied

60. Defendants deny each of the averments in Paragraph 60 of the Amended Complaint that defendant IBEW terminated plaintiff's employment because of his alleged disability.

61. Defendants deny each of the averments in Paragraph 61 of the Amended Complaint.

62. The averments in Paragraph 62 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, each of the averments in Paragraph 62 is denied.

63. Defendants deny each of the averments in Paragraph 63 of the Amended Complaint.

64. Defendants admit that plaintiff claims in Paragraph 64 of the Amended Complaint to have suffered tangible and intangible losses. Defendants deny that plaintiff is entitled to the relief he seeks or to any relief whatsoever. Defendants deny each of the remaining averments in Paragraph 64 of the Amended Complaint.

65. Defendants admit that plaintiff is seeking lost wages, compensation for pain and suffering, attorney's fees and costs, compensatory and punitive damages, and equitable relief, including reinstatement to his previous position with defendant IBEW. Defendants deny that plaintiff is entitled to any of the relief described in Paragraph 65 of the Amended Complaint or any relief whatsoever. Defendants deny each of the remaining averments in Paragraph 65 of the Amended Complaint.

**COUNT II: DISABILITY DISCRIMINATION (PHRA) – DEFENDANTS IBEW AND EDWIN HILL**

66. Defendants incorporate by reference its responses to Paragraphs 1 through 65, inclusive, of the Amended Complaint as if set forth herein in their entirety.

67. The averments in Paragraph 67 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, each of the averments in Paragraph 67 is denied.

68. Defendants admit that they terminated plaintiff's employment by defendant IBEW and deny each of the remaining averments in Paragraph 68 of the Amended Complaint, including the averment that they terminated plaintiff's employment because of his alleged disability.

69. Defendants admit that they terminated plaintiff's employment by defendant IBEW and deny each of the remaining averments in Paragraph 69 of the Amended Complaint.

70. The averments in Paragraph 70 in the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, each of the averments in Paragraph 70 is denied.

71. The averments in Paragraph 71 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, each of the averments in Paragraph is denied.

72. Defendants deny each of the averments in Paragraph 72 of the Amended Complaint.

73. Defendants deny each of the averments in Paragraph 73 of the Amended Complaint.

74. Defendants admit that plaintiff is seeking lost wages, compensation for pain and suffering, attorneys' fees and costs, compensatory and punitive damages, and equitable relief, including reinstatement to his previous position with defendant IBEW. Defendants deny that plaintiff is entitled to any of the relief described in Paragraph 74 of the Amended Complaint or any relief whatsoever. Defendants deny each of the remaining averments in Paragraph 74 of the Amended Complaint.

**COUNT III: ERISA (INTERFERENCE WITH BENEFITS) – DEFENDANTS IBEW AND EDWIN HILL**

75. Defendants incorporate by reference its responses to Paragraphs 1 through 74, inclusive, of the Amended Complaint as if set forth herein in their entirety.

76. Defendants admit that they terminated plaintiff's employment by defendant IBEW and deny each of the remaining averments in Paragraph 76 of the Amended Complaint.

77. The averment in Paragraph 77 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, the averment in Paragraph 77 is denied.

78. Defendants deny each of the averments in Paragraph 78 of the Amended Complaint.

79. Defendants admit that plaintiff is seeking lost wages, compensation for pain and suffering, attorneys' fees and costs, compensatory and punitive damages, and equitable relief, including reinstatement to his previous position with defendant IBEW. Defendants deny that plaintiff is entitled to any of the relief described in Paragraph 79 of the Amended Complaint or any relief whatsoever. Defendants deny each of the remaining averments in Paragraph 79 of the Amended Complaint.

**COUNT IV: SEXUAL ORIENTATION DISCRIMINATION**
**(D.C. HUMAN RIGHTS ACT OF 1977) – DEFENDANTS IBEW AND HILL**

80. Defendants incorporate by reference its responses to Paragraphs 1 through 79, inclusive, of the Amended Complaint as if set forth herein in their entirety.

81. Most of the averments in Paragraph 81 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, each of the averments in Paragraph 81 is denied, including the averment that defendants terminated plaintiff's employment by defendant IBEW because of his sexual orientation.

82. Most of the averments in Paragraph 82 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, each of the averments in Paragraph 82 is denied, including the averment that defendants knew their actions violated any federal or state law.

83. Defendants deny each of the averments in Paragraph 83 of the Amended Complaint.

84. The averments in Paragraph 84 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, each of the averments in Paragraph 84 is denied.

85. Defendants deny each of the averments in Paragraph 85 of the Amended Complaint.

86. Defendants admit that plaintiff is seeking lost wages, compensation for pain and suffering, attorneys' fees and costs, compensatory and punitive damages, and equitable relief, including reinstatement to his previous position with defendant IBEW. Defendants deny that plaintiff is entitled to any of the relief described in Paragraph 86 of the Amended Complaint or any relief whatsoever. Defendants deny each of the remaining averments in Paragraph 86 of the Amended Complaint.

## COUNT V: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP – DEFENDANT HILL

87. Defendants incorporate by reference its responses to Paragraphs 1 through 86, inclusive, of the Amended Complaint as if set forth herein in their entirety.

88. Defendants deny each of the averments in Paragraph 88 of the Amended Complaint.

89. Defendants deny each of the averments in Paragraph 89 of the Amended Complaint.

90. The averment in Paragraph 90 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, the averment in Paragraph 90 is denied.

91. Defendants deny each of the averments in Paragraph 91 of the Amended Complaint.

92. Defendants deny each of the averments in Paragraph 92 of the Amended Complaint.

93. Defendants deny each of the averments in Paragraph 93 of the Amended Complaint.

**GENERAL PRAYER FOR RELIEF**

94. Defendants admit that plaintiff seeks the relief described in Paragraphs 94A - F of the Amended Complaint. Defendants deny that plaintiff is entitled to such relief or any other relief whatsoever. Defendants deny each of the remaining averments in Paragraphs 94A – F of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**SECOND AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim upon which the relief sought can be granted in law or in equity, including without limitation, monetary, compensatory and punitive damages, injunctive relief, or attorneys fees and costs.

**THIRD AFFIRMATIVE DEFENSE**

All or some of plaintiff's claims against defendants IBEW and Edwin D. Hill are barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent the Amended Complaint alleges conduct that was not previously alleged in a timely administrative charge filed with the EEOC, the

Pennsylvania Human Rights Commission (PHRC), and/or the District of Columbia Office of Human Rights Act (DCOHR), or that otherwise exceeds the scope of a charge filed with or investigated by the EEOC, PHRC and/or the DCOHR.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that the Amended Complaint is based on conduct alleged to have occurred more than 300 days prior to the filing of a charge of discrimination with the EEOC, 180 days prior to the filing of a charge of discrimination with the PHRC and/or one year prior to the filing of a charge of discrimination with the DCOHR.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff, by his conduct, has waived or is estopped from asserting all or some of the claims that he might otherwise have had against defendants IBEW and Edwin D. Hill.

**SEVENTH AFFIRMATIVE DEFENSE**

At all times relevant to this action, defendants IBEW and Edwin D. Hill have had in place a clear and well-disseminated policy against discrimination or harassment on the basis of disability, sexual oriental, and other protected classifications, which provides for a reasonable and available procedure for both handling complaints thereof and providing for prompt and effective responsive action. To the extent plaintiff unreasonably failed to take advantage of the preventative and/or corrective opportunities provided by defendants IBEW and Edwin D. Hill, or otherwise to avoid harm, plaintiff's claims of alleged discrimination are barred. To the extent that defendants IBEW and Edwin D. Hill had knowledge of conduct, which could be viewed as discriminatory, harassing, or retaliatory, they took prompt and reasonable steps to correct and halt such conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

Many, if not all, of the averments in the Amended Complaint do not constitute adverse employment actions and, as such, do not constitute a substantive basis for a claim of employment discrimination.

**NINTH AFFIRMATIVE DEFENSE**

All employment decisions regarding or affecting plaintiff were based upon legitimate, nondiscriminatory, and reasonable business reasons that were in no way related to plaintiff's disability and/or sexual orientation.

**TENTH AFFIRMATIVE DEFENSE**

If any IBEW employee took any improper, illegal, or discriminatory actions against plaintiff, it was outside the course and scope of that employee's employment, contrary to the IBEW's policies, and was not ratified, confirmed, or approved by the IBEW. Thus, any such actions cannot be attributed or imputed to defendants IBEW and/or Edwin D. Hill.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any improper, illegal, or discriminatory actions by any IBEW employees were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by the IBEW and thus cannot be attributed or imputed to defendants IBEW and/or Edwin D. Hill.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for monetary relief are barred to the extent he has failed to mitigate his alleged monetary losses.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants IBEW and Edwin D. Hill have made a good faith effort to comply with all applicable nondiscriminatory laws, and therefore, plaintiff is not entitled to punitive damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants IBEW and Edwin D. Hill engaged in good faith efforts to comply with applicable federal and state law. Moreover, the conduct complained of by plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of federal and/or state law, and therefore, plaintiff fail to state a claim for punitive damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant IBEW is not liable for punitive damages under federal or state law, because neither the IBEW, nor any officer or employee sufficiently high in organization, including defendant Edwin D. Hill, committed any act with malice or reckless indifference to plaintiff's rights protected by federal and/or state law, or approved, authorized or ratified, or had actual knowledge, of any such acts.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not a "disabled person" as defined by the ADA, Pennsylvania and/or District of Columbia law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff was not regarded by defendants IBEW and Edwin D. Hill as a "disabled person" as defined by the ADA, Pennsylvania and/or District of Columbia law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff was not entitled to a reasonable accommodation under federal and/or state law

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff neither requested nor proposed an accommodation for his alleged "disability." Any accommodation he may have requested would have been unreasonable and would have imposed an undue hardship on defendants IBEW and Edwin D. Hill.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff was not regarded by defendants IBEW and Edwin D. Hill as a "homosexual person."

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff did not have a contractual employment relationship with defendant IBEW, and therefore, his employment was terminable at the will of either party.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant Edwin D. Hill was acting in his capacity as IBEW International President, an officer and agent of defendant IBEW, when he terminated plaintiff's employment with defendant IBEW.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant Edwin D. Hill, in his capacity as IBEW International President, is an agent of the IBEW who, by virtue of his office, is permitted to take actions, which have the effect of interfering with contractual relations between defendant IBEW and third parties, including plaintiff.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Each averment set forth in the Amended Complaint not otherwise specifically admitted hereinafter in Paragraph  is denied.

WHEREFORE, defendants pray that the Court dismiss the case, and for other and further relief that the Court deems just.

Respectfully submitted,

TERRY R. YELLIG (D.C. Bar No. 946095)

SHERMAN, DUNN, COHEN, LEIFER & YELLIG, P.C.
900 SEVENTH STREET, N.W.
SUITE 1000
WASHINGTON, D.C. 20001
TELEPHONE NO. (202) 785-9300

Attorneys for Defendants International Brotherhood of Electrical Workers, AFL-CIO, and Edwin D. Hill

Dated: November 14, 2006