UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KAMEN<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD<br>OF ELECTRICAL WORKERS, AFL-CIO<br>And<br>EDWIN D. HILL, an individual,<br>    Defendants. | Case No. 06-1063 (RMC) |

## LOCAL RULE 16.3 REPORT

Pursuant to the Court's Order of September 12, 2007, Fed. R. Civ. P. 26(f), and Local Rule 16.3, Plaintiff Steven A. Kamen and Defendants International Brotherhood of Electrical Workers, AFL-CIO (hereinafter "IBEW") and Edwin D. Hill respectfully submit this joint report outlining the parties' discovery plan, agreements reached between the parties, matters upon which the parties disagree, and the parties' proposed scheduling order.

A telephone conference between Joseph H. Chivers, for Plaintiff Steven A. Kamen, and Terry R. Yellig, for Defendants IBEW and Edwin D. Hill, was held on September 28, 2007. Consistent with Local Rule 16.3(c), the parties jointly report to the Court on their discussion as follows:

I.     STATEMENT OF THE CASE AND STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES

Plaintiff Kamen filed the initial Complaint in this case on June 6, 2006. Thereafter, defendants filed a Motion to Dismiss on July 21, 2006. Plaintiff Kamen

then filed a Motion for Leave to File an Amended Complaint on August 14, 2006. The Court issued a Minute Order on August 21, 2006, which permitted plaintiff Kamen to file an Amended Complaint as a matter of right pursuant to Rule 15(a), Fed. R. Civ. P. Next, the Court issued a Minute Order on August 22, 2006, which denied defendants' Motion to Dismiss as moot.

Plaintiff Kamen's Amended Complaint included five counts. Count I of the Amended Complaint alleges that the IBEW, an unincorporated labor organization, discriminated against plaintiff Kamen on the basis of his disability in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (hereafter "ADA"). Count II of the Amended Complaint alleges that defendant IBEW and defendant Hill discriminated against plaintiff Kamen because of his disability in violation of the Pennsylvania Human Relations Act, 43 PA. STAT. ANN. § 951 *et seq.* (hereafter "PHRA"). Count III of the Amended Complaint alleges that defendants IBEW and Hill terminated plaintiff Kamen's employment "in order to interfere with his continuing receipt of medical and other benefits included in defendant IBEW's employee welfare benefit plan in violation of the Employee Retirement Income Security Act" (hereafter "ERISA"). Count IV of the Amended Complaint alleges that defendants IBEW and Hill discriminated against plaintiff Kamen on the basis of his sexual orientation in violation of the D.C. Human Rights Act, D.C. CODE ANN. § 2-1401.01 *et seq.* (hereafter "DCHRA"). Finally, Count V of the Amended Complaint alleges that defendant Hill tortiously interfered with plaintiff Kamen's business relations with the IBEW resulting in termination of his employment.

In response to plaintiff's Amended Complaint, the defendants filed a modified Motion to Dismiss, which asked the Court to dismiss Counts II, III, and most of Count IV, because each of the claims set forth therein are time-barred. On August 15, 2007, the Court granted defendants' Motion to Dismiss. As a result, the only claims that remain are Count I (alleged violation of the ADA), part of Count IV (alleged continuing policy and practice of hostility and prejudice against homosexuals) [the Court dismissed Count IV to the extent that it alleged that Kamen was denied training opportunities, was not permitted to assist at IBEW manufacturing conferences, the IBEW never restored duties to plaintiff, which he had been assigned before sick leave, was denied promotion, and was terminated because of his sexual orientation] and Count V (alleged tortious interference with plaintiff's business relationship with the IBEW).

The Court issued an Order for Initial Scheduling Conference on September 12, 2007. The Initial Scheduling Conference is set for **October 19, 2007**, at **10:45 a.m.**

II.   **DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

The parties have exchanged initial disclosures as required by Fed. R. Civ. P 26(a)(1). The parties began a brief period of discovery before the Court dismissed Counts II, III, and most of Count IV of the Amended Complaint. However, further discovery is needed concerning the remaining issues of liability and damages

consistent with the remaining allegations in the Amended Complaint and the defenses asserted in the Answer to the Amended Complaint.

The parties agree that the disclosure of electronically stored information should be handled in accordance with the Federal Rules of Civil Procedure.

The parties agree to defer protective order issues until the need arises.

The parties adopt the discovery limits set forth in the Federal Rules of Civil Procedure.

The last date to serve discovery requests is **November 16, 2007**. The last date on which to take discovery depositions is 45 days after the last date to serve discovery requests. Discovery is to be completed by **December 31, 2007**.

Reports from retained experts under Rule 26(a)(2) due:

> By the party with the burden of proof on an issue: **January 30, 2008**
>
> By the party not bearing the burden of proof on an issue: **January 30, 2008**; and
>
> Expert witness disclosures intended solely to contradict or rebut evidence on issues identified by the other party: **February 29, 2008**.

### III. LOCAL RULE 16.3 MATTERS

The parties hereby report to the Court on the fourteen matters listed in Local Rule 16.3, as follows:

> 1. *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

Counts II, III, and most of Count IV of the Amended Complaint have already been disposed of by defendants' motion to dismiss. The parties disagree on whether the case is likely to be resolved through a motion for summary judgment. The parties agree that a brief period of discovery should precede the defendants' filing of a motion for summary judgment, which, if granted, will dispose of the remaining claims in the case.

> 2. *The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.*

The parties agree that no other parties shall be joined and the pleadings shall not be amended after **November 1, 2007**. The parties agree that they will work to stipulate to as many facts as possible in order to expedite the resolution of this matter.

> 3. *Whether the case should be assigned to a Magistrate Judge for all purposes, including trial.*

The parties agree that a Magistrate Judge may resolve any discovery disputes. The parties do not consent to have a Magistrate Judge conduct any and all further proceedings in the case, including trial.

    4.    *Whether there is a realistic possibility of settling the case.*

The parties agree to continue to hold discussions regarding the possibility of settling this case, but currently the parties do not see a possibility of settlement.

    5.    *Whether the case could benefit from the Court's Alternative Dispute Resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

Presently, the parties agree that the Court's ADR procedures will not assist in resolving the issues in this case. The defendants believe that the issues in this case can be resolved through a motion for summary judgment. If the defendants' motion for summary judgment does not resolve all of the remaining issues in this case, the parties agree to reopen the issue of ADR for discussion. The parties have discussed ADR and their response to this provision with their clients.

    6.    *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the merits.*

The Court has already dismissed Counts II, III, and most of Count IV of the Amended Complaint pursuant to defendants' motion to dismiss. The parties disagree as to whether the case is likely to be resolved through a motion for summary judgment. The parties agree that remaining dispositive motions shall be filed by **February 1, 2008**, with responses and replies to be filed according to the Local Rules.

> 7. *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.*

The parties exchanged the initial disclosures required by Rule 26(a)(1) on May 1, 2007.

> 8. *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.*

The parties began a brief period of fact discovery before the Court dismissed Counts II, III, and most of Count IV of the Amended Complaint. However, further discovery is needed on liability and damages, consistent with the allegations in the Complaint and the defenses asserted in the Answer to the Amended Complaint.

The parties adopt the discovery limits set forth in the Federal Rules of Civil Procedure.

The parties agree that the last date to serve discovery requests is **November 16, 2007**. The last date on which to take a discovery deposition is 45 days after the last date to serve discovery requests. Discovery shall be completed by **December 31, 2007**.

> 9. *Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions of experts should occur.*

The parties are uncertain at this time whether experts will be engaged in this case. If experts are necessary, the parties agree to comply with the requirements of

Rule 26(a)(2), Fed. R. Civ. P., with no modifications. Reports from retained experts under Rule 26(a)(2) are due:

By the party with the burden of proof on an issue: **January 30, 2008**

By the party not bearing the burden of proof on an issue: **January 30, 2008**; and

Expert witness disclosures intended solely to contradict or rebut evidence on issues identified by the other party: **February 29, 2008**.

> 10. *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for hearing.*

Because this is not a class action, this item is inapplicable.

> 11. *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties agree that bifurcation of discovery or trial is unnecessary.

> 12. *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties agree that the pretrial conference should be scheduled for **April 15, 2008**.

> 13. *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties agree that the Court should wait until the pretrial conference to set a firm trial date.

14. *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The parties agree that there are no other matters that need be included in the scheduling order.

## IV. PROPOSED SCHEDULING ORDER

The parties' proposed scheduling order is attached as Exhibit A.

Dated: October 5, 2007

Respectfully submitted,

*[signature]*

Joseph H. Chivers (D.C. Bar No. 388350)
312 Boulevard of the Allies, Suite 600
Pittsburg, PA 15222
Telephone No. (412) 281-1110

*[signature]*

Bart T. Valad, Esq. (D.C. Bar No. 462814)
VALAD & VECCHIONE, PLLC
3863 Plaza Drive
Fairfax, VA 22030

Attorneys for Plaintiff Steven A. Kamen

*[signature]*

Terry R. Yellig (D.C. Bar No. 946095)
SHERMAN, DUNN, COHEN, LEIFER & YELLIG, P.C.
900 Seventh Street, N.W., Suite 1000
Washington, D.C. 20001
Telephone No. (202) 785-9300

Attorney for Defendants International Brotherhood of Electrical Workers, AFL-CIO and Edwin D. Hill

- 9 -