UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KAMEN ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL BROTHERHOOD ) <br> OF ELECTRICAL WORKERS, AFL-CIO and ) <br> EDWIN D. HILL, an individual, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 1:06CV01063(RMC) |

### DECLARATION OF TERRY R. YELLIG IN SUPPORT
### OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Terry R. Yellig, make this declaration based on personal knowledge:

1. I am an attorney-at-law admitted to practice in the District of Columbia since July 20, 1978, and I am a member of the law firm of Sherman, Dunn, Cohen, Leifer & Yellig, P.C., located at 900 Seventh Street, N.W., Suite 1000, Washington, D.C. 20001, attorneys for defendant International Brotherhood of Electrical Workers, AFL-CIO (hereafter "IBEW"), and Edwin D. Hill, IBEW International President. As such, I submit this Declaration upon personal knowledge in support of the Motion for Summary Judgment filed on behalf of defendants IBEW and Hill.

2. Attached hereto as Exhibit No. 1 is a true and correct copy of the Charge of Discrimination filed with the Equal Employment Opportunity Commission Pittsburgh Area Office by plaintiff Kamen.

3. This Charge of Discrimination alleges that defendant Hill, on behalf of defendant IBEW, "discriminated against [plaintiff Steven A. Kamen] because of [his] medical conditions,

- 2 -

and/or [his] disabilities, and/or [his] perceived disabilities, in violation of the Americans with Disabilities Act of 1990, as amended. . . ."

4. The Charge of Discrimination attached hereto, which the IBEW received sometime after July 6, 2005 (the date it was signed by plaintiff Kamen), does not allege that plaintiff Kamen asked defendant IBEW to accommodate his alleged disability or disabilities, or that defendants IBEW and Hill failed to reasonably accommodate his alleged disability or disabilities.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Terry R. Yellig

Dated: February 25, 2008

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 172-2005-00988 |

**Pennsylvania Human Relations Commission** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Steven A. Kamen | (724) 794-3143 | 07-28-1957 |

Street Address: **605 Slippery Rock Road, Slippery Rock, PA 16057**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|
| IBEW | 500 or More | (202) 833-7000 |

Street Address: **900 Seventh Avenue, N W, Washington, DC 20001**

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-08-2004    Latest: 12-08-2004
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. I started my employment with IBEW in 1997 as an International Representative. On December 8, 2004, I was discharged from my position.

2. On December 8, 2004, Edwin D. Hill, International President, informed me that I was being let go because I had been delinquent in filing the weekly reports, the expense reports, and several other assignments.

3. I believe that the respondent discriminated against me because of my medical conditions, and/or my disabilities, and/or my perceived disabilities, in violation of the Americans with Disabilities Act of 1990, as amended, in that, the respondent did not discharge a non-disabled individual (Wyatt Earp, Jr.) Mr. Earp had been delinquent in filing the weekly reports, the expense reports, and several other assignments. He was given a 30-day suspension with the loss of the union car and cell phone.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 7/6/05

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

DEFENDANT'S EXHIBIT No. 1

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

Steven Kameo      vs   IBEW

EEOC No. 172-2005-00985

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which could affect the outcome of your case.

Complaints filed with PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

[Sign and date appropriate request below]

I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

*I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

[signature]  7/6/05
Signature and Date


*I do not want my charge dual filed with PHRC.*

_____
Signature and Date

# EEOC Pittsburgh Area Office

## **MEDIATION YES / NO**



This is to certify that during the intake of my charge the EEOC interviewer informed me of the EEOC Mediation Program and provided me with a fact sheet that explains the Mediation Program.

Mediation is voluntary and if both parties agree a mediation session will be scheduled.

Based on the information provided by the interviewer including the Mediation handout I have decided as follows:

**"Please Check One"**

I **accept** Mediation ____✓____        I **reject** Mediation _____ for
                                          the following reasons:

Charge Number: 172-2005-00988

_____        7/6/05
Signature                       Date

172-2005-00988        Steven Kamen    v.    IBEW

# EEOC AFFIDAVIT
*(This form is affected by the Privacy Act of 1974. See Privacy Act Statement on reverse before completing this form.)*

| NAME | TELEPHONE NUMBER (Give area code) | |
|---|---|---|
| Steven A. Kamen | HOME: (724) 794-3143 | WORK: (202) 833-7000 |

**ADDRESS** (Number, street, city, state, zip)
605 Slippery Rock Road, Slippery Rock, PA 16057

### THE FOLLOWING PERSON CAN ALWAYS CONTACT ME

**NAME AND TELEPHONE NUMBER**
Joseph H. Chivers, Esq. (412) 281-1110

**ADDRESS** (Number, street, city, state, zip)
312 Boulevard of the Allies, Suite 600, Pittsburgh, PA 15222

### STATUS OF EMPLOYMENT

| CHECK ONE: | | NAME OF EMPLOYER |
|---|---|---|
| ☐ WORKING | ☐ NOT WORKING ☐ SOUGHT EMPLOYMENT AT | |

| TYPE OF BUSINESS | DATES OF EMPLOYMENT | FROM: | TO: |
|---|---|---|---|
| | WHEN EMPLOYMENT WAS SOUGHT | FROM: | TO: |

| POSITION TITLE | DEPARTMENT |
|---|---|

**ADDRESS** (Number, street, city, state, zip)

---

As a remedy, I am seeking lost wages + interest (my salary was $116,000.00 per year); lost medical benefits; lost retirement benefits; and other lost monies and benefits for which I am entitled; reasonable attorney fees; punitive and compensatory damages; my record expunged; and a **written neutral reference**.

EEOC Form 133 (10/94)

*I declare under the penalty of perjury that the foregoing is true and correct.*

| DATE | SIGNATURE OF WITNESS | SIGNATURE OF EEOC REPRESENTATIVE | PAGE 1 OF 1 |
|---|---|---|---|
| 7/6/05 | | | |

PRIVACY ACT STATEMENT: (This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting and uses of the personal data are given below.)

1. FORM NUMBER/TITLE/DATE: EEOC FORM 133, EEOC AFFIDAVIT, December 1993.
2. AUTHORITY: 42 USC 2000e(9), 29 USC 201, 29 USC 631, 42 U.S.C. 12117.
3. PRINCIPAL PURPOSES. Provides a standardized format for obtaining sworn statements of information relevant to a charge of discrimination.
4. ROUTINE USES. These affidavits are used to: (1) make an official determination regarding the validity of the charge of discrimination; (2) guide the Commission's investigatory activity; and (3) in Commission litigation, to impeach or substantiate a witness's testimony.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION: Voluntary. Failure to provide an affidavit has no effect upon the jurisdiction of the Commission to process a charge. However, sworn statements submitted by the parties, are, of course, relied upon more heavily than unsworn statements in making a determination as to the existence of unlawful discrimination.

REVERSE OF EEOC FORM 133 (10/94)

