UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. KAMEN, )
) Case No. 1:06CV01063(RMC)
Plaintiff, )
)
v. )
)
INTERNATIONAL BROTHERHOOD OF )
ELECTRICAL WORKERS, AFL-CIO, and )
EDWIN D. HILL, an individual, )
)
Defendants. )
_____ )

**FIRST SET OF INTERROGATORIES SUBMITTED ON BEHALF
OF DEFENDANT INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS TO PLAINTIFF STEVEN A. KAMEN**

Defendant International Brotherhood of Electrical Workers, AFL-CIO, requests that Plaintiff Steven A. Kamen, answer all of the following interrogatories, in writing and under oath, within the time prescribed by Rule 33, Fed. R. Civ. P. According to Rule 33, a copy of your written response to these interrogatories must be served on Terry R. Yellig, the attorney for defendant International Brotherhood of Electrical Workers, AFL-CIO, at the address listed in this document.

**INSTRUCTIONS TO ANSWERING PARTY**

1. Each answer to the following interrogatories must be as complete and straightforward as the information reasonably available to you as well as your agents, representatives, and, unless privileged, attorneys permits.

2. State whether the information that you furnish in response to each interrogatory is within your personal knowledge and, if you do not have enough personal knowledge to answer

an interrogatory fully, say so, but make a reasonable and good faith effort to obtain the information by asking other persons or organizations, unless the information is equally available to the Defendants, and state the name, if known, of each person to whom the requested information is a matter of personal knowledge.

3. Notwithstanding, answer each interrogatory to the maximum extent possible even if you can not answer it completely.

4. Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

5. These interrogatories are continuing, so as to require that supplemental answers be submitted if further or different information is obtained with respect to any interrogatory.

6. Identify each person who assisted you or participated in preparing or supplying any of the information given in response to or relied on in preparing answers to these interrogatories.

7. If you maintain that any document or record that refers to or relates to anything about which these interrogatories ask has been destroyed, set forth the content of that document, the location of any copies of that document, the date of the destruction, and the name of the person who ordered or authorized the destruction.

8. If you make an objection to an interrogatory, you must specifically state the objection in your written response.

9. If you withhold any information requested in an interrogatory, or part thereof, based on a claim of privilege or work product in accordance with Fed. R. Civ. P. 26(b)(5), state

the nature of the privilege claimed, and state the basis on which you claim you are entitled to withhold the information.

    a. In asserting the privilege, you shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

    b. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

        i. For oral communications:

            1. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

            2. the date and place of the communication; and

            3. the general subject matter of the communication

        ii. For documents:

            1. the type of document;

            2. the general subject matter of the document;

            3. the date of the document; and

            4. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the

relationship of the author, addressee, custodian, and any other recipient to each other.

10. If, in answering these interrogatories, you encounter any ambiguities when construing a question, instruction, or definition, your answer should set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

1. "Person" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

2. "You and/or anyone acting on your behalf" includes you, your agents, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

3. "Employment" means a relationship in which an "Employee" provides services requested by or on behalf of an "Employer."

4. "Employee" means a "Person" who provides services in an "Employment" relationship and who is a party to this lawsuit.

5. "Employer" means a "Person" who employs an "Employee" to provide services in an "Employment" relationship.

6. "Termination" means the actual or constructive cessation of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

7. "Document" means the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words,

pictures, sounds, or symbols, or combinations thereof.

8. "Address" means the street address, including the city, state, and zip code.

9. "Identify," as it applies to a "Document," means to describe the: (i) type of "Document," including, where applicable, that the "Document" was provided to Defendants on May 1, 2007 pursuant to Rule 26(a)(1), Fed. R. Civ. P.; (ii) general subject matter; (iii) date of the "Document;" (iv) author(s), (v) recipient(s) or addressee(s), (vi) custodian of the "Document;" and (vii) location of the "Document;" or, alternatively, to produce the "Document" (If the "Document" has more than one page, refer to the page and section where the answer to the interrogatory can be found).

10. "Identify," as it applies to a "Person," means to state his/her name, title or organization affiliation (if any), address, and telephone number.

11. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "Any and All"; "Any" means "Any and All."

## INTERROGATORIES

1. State each and every fact, which supports the allegation in Paragraph No. 17 of the Amended Complaint that the "[you] consistently performed [your] duties [as an International Representative while employed by the IBEW] in a satisfactory manner;"

   a. state the name, address, and telephone number of each person who has knowledge of those facts; and

   b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

2. State each and every fact, which supports the allegation in Paragraph No. 19 of the Amended Complaint that "[o]n or about February 20, 2004, [you] became ill and [were] hospitalized;"

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

3. State each and every fact, which supports the allegation in Paragraph No. 20 of the Amended Complaint that "[you were] diagnosed with human immunodeficiency virus (HIV);"

    a. state the name, address, and telephone number of each person who has knowledge of those facts, and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

4. State each and every fact, which supports the allegation in Paragraph No. 21 of the Amended Complaint that "Defendants were informed [that you were diagnosed as having contracted the human immunodeficiency virus] shortly after [you were] informed of the diagnosis, and prior to [your] termination;"

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

5. State each and every fact, which supports the allegation in Paragraph No. 22 of the Amended Complaint that "[you are] homosexual;"

   a. state the name, address, and telephone number of each person who has knowledge of those facts; and

   b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

6. State each and every fact, which supports the allegation in Paragraph No. 24 of the Amended Complaint that "[your] medical conditions significantly limit [your] ability to perform major life activities . . . as compared to the average person;"

   a. state the name, address, and telephone number of each person who has knowledge of those facts; and

   b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

7. Describe each and every medical condition, which you allege in Paragraph No. 24 of the Amended Complaint significantly limited your ability to perform major life activities as compared to the average person.

8. State each and every fact, which supports the allegation in Paragraph No. 25 of the Amended Complaint that "[your] conditions are a substantial impairment within the meaning of the [Americans with Disabilities Act];"

   a. state the name, address, and telephone number of each person who has knowledge of those facts; and

   b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

9. State each and every fact, which supports the allegation in Paragraph No. 26 of the Amended Complaint that "[you have] a history of a substantial impairment;"

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

10. State each and every fact, which supports the allegation in Paragraph No. 27 of the Amended Complaint that "[you have] been perceived by Defendant as having a substantial impairment;"

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

11. State each and every fact, which supports the allegation in Paragraph No. 29 of the Amended Complaint that you continued to "do work from [your] home" during your medical leave;

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

12. State each and every fact, which supports the allegation in Paragraph No. 31 of the Amended Complaint that Defendants denied your request to have all of your regular duties be reassigned to you when you returned to work from your medical leave of absence on or about

- 9 -

May 1, 2004;

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

13. State each and every fact, which supports the allegation in Paragraph No. 32 of the Amended Complaint that "[you were] capable of performing the essential functions of [your] position as a Senior International Representative from the time [you] returned from [your] medical leave either with or without a reasonable accommodation;"

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

14. State each and every fact, which supports the allegation in Paragraph No. 33 of the Amended Complaint that you were denied training opportunities after you returned to work from your medical leave on or about May 1, 2004;

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

15. State each and every fact, which supports the allegation in Paragraph No. 33 of the Amended Complaint that you were not permitted to assist at manufacturing conferences after you returned to work from his medical leave on or about May 1, 2004;

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

16. State each and every fact, which supports the allegation in Paragraph No. 35 of the Amended Complaint that "[you were] still able to perform [your job] satisfactorily as compared to other International Representatives" notwithstanding your medical leave and notwithstanding your medical condition;

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

17. State each and every fact, which supports the allegation in Paragraph No. 51 of the Amended Complaint that "[m]embers of the IBEW, including management, regularly mock and ridicule homosexuals, and express opposition to being associated with homosexuals;"

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

18. State each and every fact, which supports the allegation in Paragraph No. 52 of the Amended Complaint that "[t]he IBEW has had and continues to have a practice of systematic hostility toward homosexuals;"

   a. state the name, address, and telephone number of each person who has knowledge of those facts; and

   b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

19. State each and every fact, which supports the allegation in Paragraph No. 53 of the Amended Complaint that the "systematic hostility toward homosexuals" alleged in Paragraph No. 52 of the Amended Complaint "is embedded in a culture fostered and sustained by senior management in [the] IBEW, including Defendant Hill;"

   a. state the name, address, and telephone number of each Person who has knowledge of those facts; and

   b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

20. State each and every fact, which supports the allegation in Paragraph No. 54 of the Amended Complaint that the "systematic hostility toward homosexuals" alleged in Paragraph No. 52 of the Amended Complaint is "manifested . . . in overtly anti-homosexual language by IBEW employees and management;"

   a. state the name, address, and telephone number of each person who has knowledge of those facts; and

   b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

21. State each and every fact, which supports the allegation in Paragraph No. 54 of the Amended Complaint that the "systematic hostility toward homosexuals" alleged in Paragraph No. 52 of the Amended Complaint is "manifested . . . in anti-homosexual hiring practices;"

   a. state the name, address, and telephone number of each person who has knowledge of those facts; and

   b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

22. State each and every fact, which supports the allegation in Paragraph No. 55 of the Amended Complaint that the "systematic hostility toward homosexuals" alleged in Paragraph No. 52 of the Amended Complaint "continues unabated through the present time;"

   a. state the name, address, and telephone number of each person who has knowledge of those facts; and

   b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

23. State each and every fact, which supports the allegation in Paragraph No. 82 of the Amended Complaint that "Defendants knew their actions against [you] were in violation of the D.C. Human Rights Act;"

   a. state the name, address, and telephone number of each person who has knowledge of those facts; and

   b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

24. State each and every fact, which supports the allegation in Paragraph No. 84 of the Amended Complaint that the "policy and practice of hostility and prejudice toward homosexuals" alleged in Paragraph No. 83 "is a continuing violation of the [D.C. Human Rights Act];"

    a. state the name, address, and telephone number of each person who has knowledge of those facts; and

    b. identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

Dated: August 23, 2007

_____
TERRY R. YELLIG (D.C. Bar No. 946095)

SHERMAN, DUNN, COHEN, LEIFER & YELLIG, P.C.
900 SEVENTH STREET, N.W.
SUITE 1000
WASHINGTON, D.C. 20001
TELEPHONE NO. (202) 785-9300

Attorneys for Defendants International Brotherhood of Electrical Workers, AFL-CIO, and Edwin D. Hill

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2007, the foregoing First Set of Interrogatories Submitted on Behalf of Defendant International Brotherhood of Electrical Workers to Plaintiff Steven A. Kamen was served upon the parties in this action by placing a copy thereof in a sealed envelope, and delivering it to the United Parcel Service for next-day delivery to the parties addressed as follows:

Joseph H. Chivers, Esquire
Suite 600
312 Boulevard of the Allies
Pittsburgh, PA 15222-1923

Bart T. Valad, Esquire
John Vecchione, Esquire
3863 Plaza Drive
Fairfax, VA 22030

_____
Terry R. Yellig