IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KAMEN ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:06cv01063 (RMC) |
| ) | |
| v. ) | JUDGE ROSEMARY M. COLLYER |
| ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| ELECTRICAL WORKERS (IBEW) ) | |
| and EDWIN D. HILL, an individual, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S ANSWERS TO DEFENDANT INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' FIRST SET OF INTERROGATORIES

**AND NOW COMES** Plaintiff, Steven A. Kamen, by and through his counsel, Joseph H. Chivers, Esquire, and hereby answers and otherwise responds to Defendant International Brotherhood of Electrical Workers' First Set of Interrogatories.

Pursuant to the discovery provisions of the Federal Rules of Civil Procedure, and the rules, definitions and instructions proscribed by Defendant IBEW in its discovery requests, Plaintiff answers and responds as follows, with numbered Answers corresponding to Defendant IBEW's numbered requests:

## ANSWERS TO INTERROGATORIES

1.

ANSWER:

    By virtue of the fact that I performed my job to the best of my ability and worked very hard for the betterment of the due paying members in the IBEW, which I proudly served.

2.

ANSWER:

    I became ill on Friday evening, February 20, 2004, subsequently under the care of Drs. Rocchi, McGill, Yost and Welker and hospitalized during that period.

3.

ANSWER:

    Subsequent to onset of illness February 20, 2004, multiple ailments affected me and during testing in March and April 2004 testing confirmed HIV.

4.

ANSWER:

    Multiple letters from Dr. Rocchi disclosing my ailments and reasons unable to work were submitted regularly to VP Siegel. Note also that IBEW being self-insured was aware of my medical conditions.

5.

ANSWER:

    Edwin Hill
    VP Siegel
    Wyatt Earp, Jr.
    Mike Flanagan
    Marie Peluso

6.

ANSWER:

Review medical history.

7.

ANSWER:

Review medical history.

8.

ANSWER:

Review medical history.

9.

ANSWER:

Objection. Asks for legal conclusion. Without waiving objection medical records speak for themselves. HIV/AIDS from February 2004 forward. Impaired in working, sleeping, socializing, eating and engaging in strenuous activities.

10.

ANSWER:

Objection. Asks for legal conclusion. Without waiving objection it is averred Hill and Siegel terminated me on the perception I could not do my job with or without an accommodation.

11.

ANSWER:

While home during medical leave I had contact with various local unions, giving advice, answering questions, etc..

12.

ANSWER:

      At a 3rd District progress meeting I asked and requested of VP Siegel that my workload be resumed and local unions I had previously serviced be returned for my representation.

13.

ANSWER:

      Letter of Dr. Rocchi allowing me to resume normal duties.

14.

ANSWER:

      I was not permitted to attend manufacturing and broadcasting conferences.

15.

ANSWER:

      VP Siegel did not allow me to attend conference mentioned in #14.

16.

ANSWER:

      Best way for me to answer this is to compare myself to Wyatt Earp. Whatever problems I had with timeliness of reports, so did Earp. If Defendant had been willing to work with me, accommodate me, I could have kept working.

17.

ANSWER:

      International Representative Mike Flanagan, International Representative Marie Peluso and others over the years have mocked this activity and joked about inadvertently walking into an all-gay Christmas Party at Hershey Park during a December Third District Staff meeting/party held there.

18.

ANSWER:

It is evident at all IBEW functions that if you are not married or without a potential spouse you were jeered as not being part of the projected family friendly IBEW mentality.

19.

ANSWER:

See #18 above.

20.

ANSWER:

Flanagan and Peluso, and the Buffalo Local Union Utility Business Manager for years have made derogatory remarks about homosexuals.

21.

ANSWER:

Disclose known homosexuals prior to this action.

22.

ANSWER:

Disclose known homosexuals since this action.

23.

ANSWER:

Terminating an individual with HIV/AIDS would certainly curtail health care costs and assist in maintaining favorable experience rating for the IBEW's health plan.

24.

ANSWER:

      Disclose homosexual hires since December 8, 2004, or otherwise prove hiring of known homosexuals.

Respectfully submitted,

_____
Joseph H. Chivers, Esquire
PA ID No. 39184
Suite 600
312 Boulevard of the Allies
Pittsburgh, PA   15222-1923
jchivers@employmentrightsgroup.com
(412) 281-1110
(412) 281-8481 FAX

Counsel for Plaintiff
Steven A. Kamen

DATED: October 15, 2007

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Answers to Defendant IBEW's First Set of Interrogatories was served via first-class mail, postage prepaid, this 15th day of October, 2007, on the following:

Terry R. Yellig, Esquire
Sherman, Dunn, Cohen, Leifer & Yellig, P.C.
Suite 1000
900 Seventh Street, N.W.
Washington, D.C. 20001

Counsel for Defendants

Joseph H. Chivers, Esquire
PA ID No. 39184
Suite 600
312 Boulevard of the Allies
Pittsburgh, PA 15222
jchivers@employmentrightsgroup.com
(412)281-1110 / FAX 281-8481

Counsel for Plaintiff
Steven A. Kamen