# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STEVEN A. KAMEN,** | ) | |
| | ) | **Case No. 1:06CV01063(RMC)** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INTERNATIONAL BROTHERHOOD OF** | ) | |
| **ELECTRICAL WORKERS, AFL-CIO, and** | ) | |
| **EDWIN D. HILL, an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## FIRST SET OF INTERROGATORIES SUBMITTED ON BEHALF
## OF DEFENDANT EDWIN D. HILL TO PLAINTIFF STEVEN A. KAMEN

Defendant Edwin D. Hill, International President, International Brotherhood of Electrical Workers, AFL-CIO, requests that Plaintiff Steven A. Kamen, answer all of the following interrogatories, in writing and under oath, within the time prescribed by Rule 33, Fed. R. Civ. P. According to Rule 33, a copy of your written response to these interrogatories must be served on Terry R. Yellig, the attorney for defendant Hill at the address listed in this document.

## INSTRUCTIONS TO ANSWERING PARTY

1.      Each answer to the following interrogatories must be as complete and straightforward as the information reasonably available to you as well as your agents, representatives, and, unless privileged, attorneys permits.

2.      State whether the information that you furnish in response to each interrogatory is within your personal knowledge and, if you do not have enough personal knowledge to answer an interrogatory fully, say so, but make a reasonable and good faith effort to obtain the

information by asking other persons or organizations, unless the information is equally available to the Defendants, and state the name, if known, of each person to whom the requested information is a matter of personal knowledge.

3.  Notwithstanding, answer each interrogatory to the maximum extent possible even if you can not answer it completely.

4.  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

5.  These interrogatories are continuing, so as to require that supplemental answers be submitted if further or different information is obtained with respect to any interrogatory.

6.  Identify each person who assisted you and/or participated in preparing or supplying any of the information given in response to or relied on in preparing answers to these interrogatories.

7.  If you maintain that any document or record that refers to or relates to anything about which these interrogatories ask has been destroyed, set forth the content of that document, the location of any copies of that document, the date of the destruction, and the name of the person who ordered or authorized the destruction.

8.  If you make an objection to an interrogatory, you must specifically state the objection in your written response.

9.  If you withhold any information requested in an interrogatory, or part thereof, based on a claim of privilege or work product in accordance with Fed. R. Civ. P. 26(b)(5), state the nature of the privilege claimed, and state the basis on which you claim you are entitled to withhold the information.

a.  In asserting the privilege, you shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

b.  The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

    i.  For oral communications:

        1.  the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

        2.  the date and place of the communication; and

        3.  the general subject matter of the communication.

    ii.  For documents:

        1.  the type of document;

        2.  the general subject matter of the document;

        3.  the date of the document; and

        4.  such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

10.    If, in answering these interrogatories, you encounter any ambiguities when construing a question, instruction, or definition, your answer should set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

1.    "Person" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

2.    "You and/or anyone acting on your behalf" includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

3.    "Employment" means a relationship in which an "Employee" provides services requested by or on behalf of an "Employer."

4.    "Employee" means a "Person" who provides services in an "Employment" relationship and who is a party to this lawsuit.

5.    "Employer" means a "Person" who employs an "Employee" to provide services in an "Employment" relationship.

6.    "Termination" means the actual or constructive cessation of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

7.    "Health Care Provider" means a "Person" licensed or certified by a state to provide health care or professional services as a doctor of medicine, hospital, outpatient health care facility, doctor of osteopathy, chiropractor, podiatrist, nurse anesthetist, or physician's assistant,  or related services, including, but not limited to, a licensed acupuncturist, dentist, nurse, optometrist, physical therapist, psychologist, pharmacist, optician, nurse practitioner, or

physician's trained mobile intensive care paramedic, including, in the event such person is deceased, his or her estate or personal representative; and any "Person" acting as an employee or agent of any of the aforementioned "Persons", acting in the course and scope of his/her employment, including, in the event such employee or agent is deceased, his or her estate or personal representative; or an entity, whether or not incorporated, facility, or institution employing one or more "Persons" described hereinabove, including, but not limited to, a hospital, clinic, health maintenance organization, or nursing home; or an officer, director, employee, or agent thereof acting in the course and scope of his/her employment, including in the event such officer, director, employee, or agent is deceased, his or her estate or personal representative.

8.    "Document" means the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof.

9.    "Address" means the street address, including the city, state, and zip code.

10.    "Identify," as it applies to a "Document," means to state the: (i) type of "Document;" (ii) general subject matter; (iii) date of the "Document;" (iv) author(s), (v) recipient(s) or addressee(s), (vi) custodian of the "Document;" and (vii) location of the "Document," including, where applicable, that the "Document" was provided to Defendants on May 1, 2007 pursuant to Rule 26(a)(1), Fed. R. Civ. P.; or, alternatively, to produce the "Document" (If the "Document" has more than one page, refer to the page and section where the answer to the interrogatory can be found).

11.    "Identify," as it applies to a "Person," means to state his/her name, title or organization affiliation (if any), address, and telephone number.

12.    The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "Any and All"; "Any" means "Any and All."

## INTERROGATORIES

1.    State each and every fact, which supports the allegation in Paragraph No. 18 of the Amended Complaint that "[you] reported to Edwin Hill."

    a.  state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.  identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

2.    State each and every fact, which supports the allegation in Paragraph No. 33 of the Amended Complaint that you were "not promoted to a position (Director) that became available despite his being the most qualified candidate,"

    a.  state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.  identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

3.    State each and every fact, which supports the allegation in Paragraph No. 34 of the Amended Complaint that you were not promoted to a Director's position in Washington, D.C. "even though [you were] the only candidate for the position, and despite Defendants having told [you] prior to your medical leave that the position would be [yours];"

    a.  state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.  identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

4.    State each and every fact, which supports the allegation in Paragraph No. 36 of the Amended Complaint that "[you] continued to work until [you] received a termination letter from Defendants, signed by Edwin Hill, dated December 8, 2004;"

    a.  state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.  identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

5.    State each and every fact, which supports the allegation in Paragraph No. 38 of the Amended Complaint that the reasons for your termination stated in a letter dated December 8, 2004 addressed to you from IBEW International President Edwin D. Hill are not true or "taken out of context for the purpose of creating false impressions and supporting false conclusions;"

    a.  state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.  identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

6.    State each and every fact, which supports the allegation in Paragraph No. 39 of the Amended Complaint that Defendant Edwin D. Hill made false statements about you and your competence to perform as an IBEW International Representative "maliciously and for the purpose of interfering with [your] continuing business relationship with [the] IBEW;"

    a.   state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.   identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

7.    State each and every fact, which supports the allegation in Paragraph No. 40 of the Amended Complaint that Defendant Edwin D. Hill made false statements, both in writing and verbally, about you and your competence to perform as an IBEW International Representative to other IBEW employees;"

    a.   state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.   identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

8.    State each and every fact, which supports the allegation in Paragraph No. 42 of the Amended Complaint that "other International Representatives whose expense reports were late, had incomplete paperwork, and who were late with their assignments were not terminated as [you were];"

    a.   state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.   identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

9.    State each and every fact, which supports the allegation in Paragraph No. 43 of the Amended Complaint that "[you were] fully qualified to perform the essential functions of [your] existing position, or other positions available with [the] IBEW, with or without a

reasonable accommodation;"

    a.   state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.   identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

10.    State each and every fact, which supports the allegation in Paragraph No. 44 of the Amended Complaint that "[n]on-disabled and heterosexual individuals are treated better [than you] in similar circumstances;"

    a.   state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.   identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

11.    Did you ever request an officer, agent or representative of Defendant IBEW to accommodate you because you contracted human immunodeficiency virus and/or suffered from any other disabling condition?  If so:

    a.   State each and every fact, which supports your assertion that you asked an officer, agent or representative of Defendant IBEW to accommodate you because you contracted human immunodeficiency virus and/or suffered from any other disabling condition;

    b.   state the name, address, and telephone number of each person who has knowledge that you made such a request; and

    c.   identify each document that you and/or anyone acting on your behalf believes supports such your claim that you made such request(s).

12.    State each and every fact, which supports the allegation in Paragraph No. 61 of the Amended Complaint that "Defendant IBEW terminated [you] because of its unwillingness to accommodate [your] known disability;

    a.  state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.  identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

13.    State each and every fact, which supports the allegation in Paragraph No. 63 of the Amended Complaint that "Defendant knew its actions against [you] were in violation of the ADA;"

    a.  state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.  identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

14.    State each and every fact, which supports the allegation in Paragraph No. 56 of the Amended Complaint that "[you were] terminated . . . because of Defendants' unwillingness to accommodate [you];"

    a.  state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.  identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

15.    State each and every fact, which supports the allegation in Paragraph No. 90 of the Amended Complaint that the false statements by Defendant Edwin D. Hill in writing and verbally about you and your competence to perform as an IBEW International Representative alleged in Paragraph No. 88 of the Amended Complaint were not privileged;

     a.    state the name, address, and telephone number of each person who has knowledge of those facts; and

     b.    identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

16.    State each and every fact, which supports the allegation in Paragraph No. 91 of the Amended Complaint that the purpose of Defendant Edwin D. Hill in making the false statements in writing and verbally about you and your competence to perform as an IBEW International Representative alleged in Paragraph No. 88 of the Amended Complaint was to "interfere with [your] existing business relationship with Defendant IBEW and to harm [your] reputation in the filed of union representation;"

     a.    state the name, address, and telephone number of each person who has knowledge of those facts; and

     b.    identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

17.    State each and every fact, which supports the allegation in Paragraph No. 92 of the Amended Complaint that the false statements in writing and verbally about you and your competence to perform as an IBEW International Representative alleged in Paragraph No. 88 of the Amended Complaint "interfered with [your] business relations with IBEW (resulting in [your] termination), and have resulted in diminished earning potential in the field of union

representation generally;"

    a.   state the name, address, and telephone number of each person who has knowledge of those facts; and

    b.   identify each document that you and/or anyone acting on your behalf believes supports such fact(s).

18.    Do you contend that your employment relationship with Defendant IBEW was not "at will"? If so:

    a.   state each and every fact upon which you base this contention;

    b.   state the name, address, and telephone number of each person who has knowledge of these facts; and

    c.   identify each document that supports your contention.

19.    Do you contend that your employment relationship with Defendant IBEW was governed by any agreement—written, oral, or implied? If so:

    a.   state each and every fact upon which you base this contention;

    b.   state the name, address, and telephone number of each person who has knowledge of these facts; and

    c.   identify each document that supports your contention.

20.    Identify each and every Health Care Provider, which has treated you since you contracted the human immunodeficiency virus.

21.    Do you contend that you were in a business relationship other than an employment relationship with Defendant IBEW? If so:

a. state each and every fact upon which you base this contention;

b. state the name, address, and telephone number of each person who has knowledge of these facts; and

c. identify each document that supports your contention.

Dated: August 23, 2007.

TERRY R. YELLIG (D.C. Bar No. 946095)

SHERMAN, DUNN, COHEN, LEIFER & YELLIG, P.C.
900 SEVENTH STREET, N.W.
SUITE 1000
WASHINGTON, D.C. 20001
TELEPHONE NO. (202) 785-9300

Attorneys for Defendants International Brotherhood of Electrical Workers, AFL-CIO, and Edwin D. Hill

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2007, the foregoing First Set of Interrogatories Submitted on Behalf of Defendant Edwin D. Hill to Plaintiff Steven A. Kamen was served upon the parties in this action by placing a copy thereof in a sealed envelope, and delivering it to the United Parcel Service for next-day delivery to the parties addressed as follows:

Joseph H. Chivers, Esquire
Suite 600
312 Boulevard of the Allies
Pittsburgh, PA 15222-1923

Bart T. Valad, Esquire
John Vecchione, Esquire
3863 Plaza Drive
Fairfax, VA 22030


Terry R. Yellig