IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KAMEN ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:06cv01063 (RMC) |
| ) | |
| v. ) | JUDGE ROSEMARY M. COLLYER |
| ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| ELECTRICAL WORKERS (IBEW) ) | |
| and EDWIN D. HILL, an individual, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S ANSWERS TO DEFENDANT
## EDWIN D. HILL'S FIRST SET OF INTERROGATORIES

**AND NOW COMES** Plaintiff, Steven A. Kamen, by and through his counsel, Joseph H. Chivers, Esquire, and hereby answers and otherwise responds to Defendant Edwin D. Hill's First Set of Interrogatories.

Pursuant to the discovery provisions of the Federal Rules of Civil Procedure, and the rules, definitions and instructions proscribed by Defendant Hill in his discovery requests, Plaintiff answers and responds as follows, with numbered Answers/Responses corresponding to Defendant Hill's numbered requests:

## ANSWERS TO INTERROGATORIES

1.

ANSWER:

    Hired July 1, 1997, by then International President J. J. Barry, reporting to him, assigned to 3rd District Staff.

2.

ANSWER:

    While attending International Representative training the then Assistant Patrick Reily had discussed with me the directors position for purchasing and inventory control and stated that no one wanted to move or transfer to Washington, D.C.. I informed him that I'd be willing to assume the position to which he responded that I would be the most qualified particularly with my willingness to relocate.

3.

ANSWER:

    Refer to #2 above.

4.

ANSWER:

    From my return to work from medical leave May 1, 2004, I requested from VP Siegel my prior workload, which was never given back to me. I continued servicing my local unions, worked many hours on the 2004 Presidential Election, helped with the transition of new officers in local unions and continued working until my termination.

5.

ANSWER:

    (a)    Hill and Siegel knew of disability in Spring of 2004.
    (b)    When I returned from medical leave I had duties taken away.
            (1) Wyatt Earp not terminated or disciplined for unfinished or late reports.

6.

ANSWER:

    Statements made by Hill were clearly malicious, not of first knowledge and clearly would be a determent to my continuing employment with the IBEW or any other International Union.

7.

ANSWER:

    Hill's claims of several non-completed assignments would be the same for any Rep not to mention assignments I completed back to 1989 subsequent to me joining the staff in 1997.

8.

ANSWER:

    Wyatt Earp, Jr.

9.

ANSWER:

    Letter from Dr. John R. Rocchi allowing me to return to work May 1, 2004.

10.

ANSWER:

    Wyatt Earp, Jr., was only suspended for similar occurrences - not terminated.

11.

ANSWER:

    I never used the magic words "reasonable accommodation." I did, though, ask for time off for my illness, and asked that I not be punished or discriminated against because of my illness.

12.

ANSWER:

Page 3 of 5

See Answer to Interrogatories 5 and 11.

13.

ANSWER:

IBEW being self-insured had to have knowledge of my medical condition.

14.

ANSWER:

Obvious termination because of HIV and other medical conditions.

15.

ANSWER:

Objection. Asks for legal conclusion. Without waiving objection, Defendant Hill's statements were not privileged because, on information and belief, he communicated these statements to IBEW staff that had no need to know the circumstances of the alleged reasons for Kamen's termination and had no managerial or decision-making authority over Kamen or his termination.

16.

ANSWER:

Self explanatory: the alleged issues of my termination would prevent me from applying for a similar position with favorable references. In addition, I kept working and doing my job right until the day I was terminated.

17.

ANSWER:

See #16 above.

18.

ANSWER:

No

19.

ANSWER:

   No

20.

ANSWER:

   Dr. A Thomas McGill, Dr. John R. Rocchi, Dr. Arshad Mahmood, Dr. Chung, Dr. Wigton, Dr. R. Shawn Essey, Dr. A. Krawczik, Dr. Tony Maloof, Drs. Yost and Welker, Butler Memorial Hospital, Family Dental Associates, Cleveland Clinic.

21.

ANSWER:

   No

Respectfully submitted,

*[signature]*

Joseph H. Chivers, Esquire
PA ID No. 39184
Suite 600
312 Boulevard of the Allies
Pittsburgh, PA   15222-1923
jchivers@employmentrightsgroup.com
(412) 281-1110
(412) 281-8481 FAX

Counsel for Plaintiff
Steven A. Kamen

DATED: October 15, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Answers to Defendant Edwin D. Hill's First Set of Interrogatories was served via first-class mail, postage prepaid, this 15th day of October, 2007, on the following:

Terry R. Yellig, Esquire
Sherman, Dunn, Cohen, Leifer & Yellig, P.C.
Suite 1000
900 Seventh Street, N.W.
Washington, D.C. 20001

Counsel for Defendants

Joseph H. Chivers, Esquire
PA ID No. 39184
Suite 600
312 Boulevard of the Allies
Pittsburgh, PA 15222
jchivers@employmentrightsgroup.com
(412)281-1110 / FAX 281-8481

Counsel for Plaintiff
Steven A. Kamen