UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KAMEN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNATIONAL BROTHERHOOD )<br>OF ELECTRICAL WORKERS, AFL-CIO and )<br>EDWIN D. HILL, an individual, )<br>)<br>Defendants. )<br>_____ ) | Case No. 1:06CV01063 (RMC) |

### DEFENDANT INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF STEVEN A. KAMEN

COMES NOW, defendant International Brotherhood of Electrical Workers, AFL-CIO, by and through its counsel, Sherman, Dunn, Cohen, Leifer & Yellig, P.C., and respectfully requests this Honorable Court to strike portions of Document #30-10, the Affidavit of Steven A. Kamen (hereafter "Kamen Affidavit."). Specifically, defendant requests the Court to strike ¶¶ 12, 13, 22, 23, 24, 25, 26, 27, 34, and 38 from the Kamen Affidavit. In support of this motion, defendant respectfully refers the Court to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached.

Respectfully submitted,

_____
TERRY R. YELLIG (D.C. Bar No. 946095)
Sherman, Dunn, Cohen, Leifer & Yellig, P.C.
900 Seventh Street, N.W.
Suite 1000
Washington, D.C. 20001
Telephone No. (202) 785-9300

Attorneys for Defendants International Brotherhood of Electrical Workers, AFL-CIO, and Edwin D. Hill

Dated: April 17, 2008.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KAMEN ) | |
| ) | Case No. 1:06CV01063 (RMC) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL BROTHERHOOD ) | |
| OF ELECTRICAL WORKERS, AFL-CIO and ) | |
| EDWIN D. HILL, an individual, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANT INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF STEVEN A. KAMEN**

INTRODUCTION

The International Brotherhood of Electrical Workers, AFL-CIO ("IBEW") respectfully request that the Court to strike certain paragraphs from the Affidavit of Steven A. Kamen (hereafter "Kamen Aff."). Document # 30-10.

Pending before the Court is the IBEW's Motion for Summary Judgment. Plaintiff Kamen, on April 7, 2008, filed a response in opposition to the IBEW's Motion for Summary Judgment. In an attempt to create a material issue of fact in dispute plaintiff Kamen has submitted and seeks to rely on his own affidavit. Pursuant to Rule 56(e), Fed. R. Civ. P., the IBEW requests the Court to strike ¶¶ 12, 13, 22, 23, 24, 25, 26, 27, 34, and 38 from the Kamen Aff.

STANDARD FOR MOTION TO STRIKE PORTIONS OF AN AFFIDAVIT

Pursuant to Rule 56(e), Fed. R. Civ. P., "a court may strike all improper portions of an affidavit used to support or oppose a motion for summary judgment." *Canady v. Elektromedizin,*

384 F. Supp. 2d 176, 180 (D.D.C. 2005).  According to Rule 56(e), an affidavit submitted in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e).  Moreover, Rule 56(e) requires that "if a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit."  *Id.*  With respect to affidavits, "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."  *Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983).

Rule 56(e)'s Personal Knowledge Requirement

The personal knowledge required by Rule 56(e) "must concern facts as opposed to conclusions, assumptions, or surmise."  *Perez v. Volvo Car Corp.*, 247 F.3d 303, 316 (1st Cir. 2001) (*citing Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir. 1999)).  Furthermore, an affiant must establish that the statements made in the affidavit are based on personal knowledge by setting forth "enough factual support to show that the affiant possesses that knowledge."  *El Deeb v. Univ. of Minn.*, 60 F.3d 423, 428 (8th Cir. 1995).

Rule 56(e)'s "'requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented,' therefore '[a]n affidavit based merely on information and belief is unacceptable.'"  *Elliott v. Federal Bureau of Prisons*, 2006 U.S. Dist. LEXIS 94342, *19 (D.D.C. Oct. 17, 2006) (*quoting Londrigan v. Fed. Bureau of Investigation*, 670 F.2d 1164, 1174 (D.C. Cir. 1981)).  *See also Hall v. Central Intelligence Agency*, 2008 U.S. Dist. LEXIS 17681, *6 (D.D.C. March 10, 2008) (noting that Rule 56(e) "unequivocally requires affidavits to be

made on personal knowledge"). *See also Perez*, 274 F.3d at 315 (explaining that an affidavit based on information and belief does not comply with Rule 56(e)); *Sellers v. M.C. Floor Crafters, Inc.*, 824 F.2d 639, 643 (2d Cir. 1988) (noting that Rule 56(e) requirement of personal knowledge is not satisfied by statements made "on information and belief"). A court should therefore strike from an affidavit statements based on information or belief.

Where portions of an affidavit are not based on personal knowledge or are based only on information and belief, courts will strike the offending portions. *See, e.g., Perez*, 247 F.3d at 316 (striking certain statements in affidavit because they were "totally lacking in specificity" to support the claim that the statements were based on personal knowledge); *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (explaining that a court may "strike portions of an affidavit that are not based upon the affiant's personal knowledge"); *Hughes v. Amerada Hess Corp.*, 187 F.R.D. 682 (M.D. Fla. 1999) (same).

Rule 56(e)'s Admissible Evidence Requirement

In addition to requiring that statements contained in an affidavit be based on personal knowledge, Rule 56(e) also requires that an affidavit set forth "facts that would be admissible in evidence." Fed. R. Civ. Pro. 56(e). An affidavit may not, therefore, contain hearsay evidence, "as such evidence would not be admissible at trial." *Wells v. Jeffery*, 2005 U.S. Dist. LEXIS 41209 (D.D.C. Mar. 20, 2006). Thus, where an affiant relies on "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," the court should strike the affiant's statement because it would not be admissible at trial because it is hearsay. *See* Fed. R. Evid. 801; *Hall v. Central Intelligence Agency*, 2008 U.S. Dist. LEXIS 17681, *13-14 (striking from an affidavit statements containing hearsay evidence).

Rule 56(e)'s Record Requirement

Rule 56(e) also requires that "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." Fed. R. Civ. Pro. 56(e). Under the rule, "when an affiant attempts to rely on a written document, the affiant's interpretation of the document is not sufficient. The document itself must be attached to the affidavit." *Chapman v. Labone*, 460 F. Supp. 2d 989, 998 (S.D. Iowa 2006). Thus, where an affiant fails to attach a document that is referred to in his affidavit, the court should strike the paragraphs in which the affiant relies on the document. *Hall*, 2008 U.S. Dist. LEXIS 17681, *17.

## ARGUMENT

Under the requirements of Rule 56(e), ¶¶ 12, 13, 22, 23, 24, 25, 26, 27, and 34 of the Kamen Aff. should be struck because they include information that is not based on plaintiff Kamen's personal knowledge. Additionally, ¶¶ 12, 23, 24, 25, 26, 27, and 34 should be struck because they contain inadmissible hearsay. Finally, ¶ 38 should be struck because plaintiff Kamen refers to documents that were not attached to the affidavit. For these reasons, the IBEW requests that the Court strike the following statements from the Kamen Aff.

    A.    ¶ 12: *Not only did I have these actual conditions but either I, my sisters or my doctors were communicating the fact I had these conditions to IBEW in early 2004.* (Kamen Aff. at ¶ 12).

The IBEW requests that the Court strike the portion of this paragraph that is not based on personal knowledge. Although plaintiff Kamen's claim that he communicated with the IBEW regarding his medical conditions is based on personal knowledge, his claim that his sisters and doctors communicated with the IBEW is not. Plaintiff Kamen provides no supporting facts regarding how he knows that his sisters and doctors were communicating with the IBEW.

- 4 -

Because plaintiff Kamen fails to set forth sufficient facts to support this statement, it is unknown how plaintiff Kamen came to know that his sisters and doctors communicated with the IBEW regarding his condition. It is unlikely, however, that Kamen witnessed the alleged conversations, which his sisters and doctors allegedly had with the IBEW. Plaintiff Kamen has therefore failed to set forth sufficient facts to show that he has personal knowledge of communications, his sisters and doctors allegedly had with and the IBEW. Thus, under Rule 56(e), this statement should be struck from the Kamen Aff. because it is not based on personal knowledge.

This statement is also likely based on hearsay evidence. If, as discussed above, plaintiff Kamen did not witness the conversations between his sisters and doctors and the IBEW, then his sisters and doctors must have told him that they were communicating with the IBEW. These out-of-court statements by someone other than plaintiff Kamen, which plaintiff Kamen is attempting to use to prove that the IBEW was aware of his medical condition, are inadmissible hearsay. *See* Fed. R. Evid. 801(c). Because there is no hearsay exception that would apply to these statements, testimony by plaintiff Kamen that his sisters and doctors were in communication with the IBEW would not be admissible at trial. The portion of ¶ 12, which states, "*my sisters or my doctors were communicating the fact I had these conditions to IBEW in early 2004,*" should therefore be struck from the Kamen Aff.

    B.    ¶ 13: *Apparently IBEW perceived I had conditions that severely limited my ability to work.* (Kamen Aff. at ¶ 13).

The IBEW requests that the Court strike this paragraph because it is not based on personal knowledge. A statement in an affidavit based on assumption or surmise should be struck from the affidavit for its failure to comply with Rule 56(e)'s requirement of personal knowledge. *Londrigan*, 670 F.2d at 1175; *Perez*, 247 F.3d at 316. Plaintiff Kamen's belief about what the IBEW "perceived" is based on assumption and surmise. Plaintiff Kamen has

therefore failed to produce facts that would show that he had personal knowledge that the IBEW perceived him to have a condition that severely limited his ability to work. Accordingly, this statement should be struck from the affidavit because plaintiff Kamen has failed to "cite specific concrete facts establishing the existence of the truth of the matter asserted." *Thalacker*, 152 F.3d at 563.

      C.    ¶ 22: *I believe IBEW was aware of my HIV well before I was terminated.* (Kamen Aff. at ¶ 22).

The IBEW requests that the Court strike this paragraph because it is not based on personal knowledge. A statement in an affidavit that is based on information or belief does not comply with Rule 56(e). *Londrigan*, 670 F.2d at 1174; *Canady*, 384 F. Supp. 2d at 180; *Perez*, 247 F.3d at 315. Here, this statement, on its face, is based on plaintiff Kamen's belief that the IBEW was aware of his HIV diagnosis before he was terminated. Such a belief is not sufficient to satisfy Rule 56(e)'s requirement that the statements in an affidavit must be based on personal knowledge.

The conclusory nature of this statement is also at odds with the requirements of Rule 56(e). The Supreme Court has explained that "the object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). Plaintiff Kamen's statement that it is his belief that the IBEW had knowledge of his HIV diagnosis at the time it terminated his employment is merely a conclusory allegation that has been relocated from the complaint to an affidavit. Because this statement does not comply with Rule 56(e), the Court should strike ¶ 22 of the Kamen Aff.

> D. ¶ 23: *When I was out in February to May 2004 my sisters were communicating regularly with IBEW.* (Kamen Aff. at ¶ 23).

The IBEW requests that the Court strike this paragraph because it is not based on personal knowledge. Plaintiff Kamen's claim that his sisters were communicating regularly with the IBEW is not based on personal knowledge. Plaintiff Kamen provides no supporting facts regarding how he knows that his sisters were communicating with the IBEW. Because plaintiff Kamen fails to set forth sufficient facts to support this statement, it is unknown how plaintiff Kamen came to know that his sisters were communicating with the IBEW from February to May 2004. It is unlikely, however, that Kamen witnessed the alleged conversations his sisters had with the IBEW. Plaintiff Kamen has therefore failed to set forth sufficient facts to show that he has personal knowledge of communications between his sisters and the IBEW. Thus, under Rule 56(e), this statement should be struck from the Kamen Aff. because it is not based on personal knowledge.

This statement is also likely based on hearsay evidence. If, as discussed above, plaintiff Kamen did not witness the conversations between his sisters and the IBEW, then his sisters must have told him that they were in communication with the IBEW. These out of court statements by someone other than plaintiff Kamen, which he is attempting to use to prove that the IBEW was aware of his medical condition, are inadmissible hearsay. *See* Fed. R. Evid. 801(c). Because there is no hearsay exception that would apply to these statements, plaintiff Kamen's assertion that his sisters were in communication with the IBEW would not be admissible at trial. ¶ 23 should therefore be struck from the Kamen Aff. as inadmissible hearsay.

> E. ¶ 24: *I know they were telling Don Siegel and Mike Welsh that I was out sick, had serious health problems, that these problems were permanent and that I could not return to work until cleared by my physician.* (Kamen Aff. at ¶ 24).

The IBEW requests that the Court strike this paragraph because it is not based on personal knowledge. Plaintiff Kamen provides no supporting facts regarding how he knows the content of the communications between his sisters and IBEW International Vice-President Donald C. Siegel and IBEW International Representative Michael D. Welsh. Because plaintiff Kamen fails to set forth sufficient facts to support this statement, it cannot be determined how plaintiff Kamen came to know what was said during conversations between his sisters and Mr. Siegel and Mr. Welsh. Plaintiff Kamen has therefore failed to set forth sufficient facts to show that he has personal knowledge of the content of the communications between his sisters and Mr. Siegel and Mr. Welsh. Thus, under Rule 56(e), this statement should be struck from the Kamen Aff. because it is not based on personal knowledge.

This statement is also likely based on hearsay evidence. Plaintiff is relying on out-of-court statements made by his sisters to Mr. Siegel and Mr. Welsh to prove that Mr. Siegel and Mr. Welsh were aware of plaintiff Kamen's health problems. These out-of-court statements by someone other than plaintiff Kamen, which he is attempting to use to prove that the IBEW was aware of his medical condition, are inadmissible hearsay. *See* Fed. R. Evid. 801(c). Because there is no hearsay exception that would apply to these statements, plaintiff Kamen's testimony that his sisters were communicating certain information to Siegel and Welsh would not be admissible at trial. Pursuant to Rule 56(e), ¶ 24 should therefore be struck from the Kamen Aff. as inadmissible hearsay.

      F.      ¶ 25: *I also know that IBEW was getting information from my doctor, especially Dr. Rocchi.* (Kamen Aff. at ¶ 25).

The IBEW requests that the Court strike ¶ 25 because it is not based on personal knowledge. Plaintiff Kamen's claim that he "knows" that the IBEW was getting information from his primary care physician, Dr. Rocchi, is not based on personal knowledge. Plaintiff Kamen provides no supporting facts regarding how he knows that his doctor was communicating with the IBEW. Indeed, it is even unclear what information plaintiff Kamen's doctor was allegedly providing to the IBEW.[1] Because plaintiff Kamen fails to set forth sufficient facts to support this statement, it is unknown how plaintiff Kamen came to know that his doctors were communicating with the IBEW. It is unlikely, however, that plaintiff Kamen witnessed the alleged conversations that his doctors allegedly had with the IBEW. Plaintiff Kamen has therefore failed to set forth sufficient facts to show that he has personal knowledge of communications between his doctors and the IBEW.

Plaintiff Kamen attempts to show that he has personal knowledge regarding his doctors' communications with the IBEW by prefacing his statement with the words "I know." The First Circuit considered a similar issue in *Perez*, where an affiant prefaced a statement with the words "I know." *Perez*, 247 F.3d at 316. The court explained, "Affidavits purporting to describe meetings or conversations need not spell out every detail, but to receive weight at the summary judgment stage they must meet certain rudiments. Statements predicated upon undefined discussions with unnamed persons at unspecified times are simply too amorphous to satisfy the requirements of Rule 56(e), even when proffered in affidavit form by one who claims to have

---

[1] Presumably, the information that plaintiff Kamen claims his doctor submitted to the IBEW is the same information provided to the IBEW on May 1, 2007 as part of Plaintiff's Rule 26(a)(1) Initial Discovery Disclosures, which are attached to Document #30-4, the transcript of the November 28, 2007 deposition of Steven A. Kamen, as Exhibit No. 20. Nonetheless, it is unclear whether this is the information that plaintiff Kamen claims was submitted by his doctor to the IBEW.

been a participant." *Id.* Here, ¶ 25 of the Kamen Aff. suffers from the same flaws. Plaintiff Kamen has failed to explain when discussions between his doctor and the IBEW took place and the identity of the participants in the alleged conversations. Indeed, unlike the affiant in *Perez*, plaintiff Kamen does not even claim that he was a participant in the conversations between his doctor and the IBEW. Thus, this vague and amorphous statement by plaintiff Kamen does not satisfy the requirements of Rule 56(e) and should be struck from his affidavit because it is not based on personal knowledge.

This statement is also likely based on hearsay evidence. If, as discussed above, plaintiff Kamen did not witness the conversations between his doctor and the IBEW, then his doctor must have told him that he had communicated with the IBEW. This out-of-court statement by someone other than plaintiff Kamen, which he is attempting to use to prove that the IBEW received information regarding his medical condition, is inadmissible hearsay. *See* Fed. R. Evid. 801(c). Because there is no hearsay exception that would apply to the statement, plaintiff Kamen's testimony that he knows the IBEW was getting information from his doctor would not be admissible at trial. ¶ 25 should therefore be struck from the Kamen Aff. as inadmissible hearsay.

    G.    ¶ 26: *I personally sent notes from Dr. Rocchi to Don Siegel, and I know that my doctor was sending his medical reports and notes to the IBEW for purposes of insurance.* (Kamen Aff. at ¶ 26).

The IBEW requests that the Court strike the portion of this paragraph that is not based on personal knowledge. Although plaintiff Kamen's claim that he personally sent Dr. Rocchi's notes to IBEW International Vice-President Donald C. Siegel is admissible, his claim that his doctor was sending his medical reports and notes to the IBEW for insurance purposes is not based on personal knowledge. Plaintiff Kamen provides no supporting facts regarding how he

knows that his doctor was transmitting his medical information to the IBEW. Because plaintiff Kamen fails to set forth sufficient facts to support this statement, it is unknown how plaintiff Kamen came to know that his doctor sent information to the IBEW. It is unlikely, however, that plaintiff Kamen witnessed the alleged transfer of medical reports and notes from his doctor to the IBEW. Plaintiff Kamen has therefore failed to set forth sufficient facts to show that he has personal knowledge of the alleged transfer of information from his doctor to the IBEW. Thus, under Rule 56(e), this statement should be struck from the Kamen Aff. because it is not based on personal knowledge.

Notwithstanding, plaintiff Kamen attempts to show that he has personal knowledge that his doctor sent medical reports and notes to the IBEW by prefacing his statement with the words "I know." The First Circuit considered a similar issue in *Perez*, where an affiant prefaced a statement with the words "I know." *Perez*, 247 F.3d at 316. In *Perez*, the court explained, "Affidavits purporting to describe meetings or conversations need not spell out every detail, but to receive weight at the summary judgment stage they must meet certain rudiments. Statements predicated upon undefined discussions with unnamed persons at unspecified times are simply too amorphous to satisfy the requirements of Rule 56(e), even when proffered in affidavit form by one who claims to have been a participant." *Id.* Here, ¶ 26 of the Kamen Aff. suffers from the same flaws. Plaintiff Kamen has failed to explain when discussions between his doctor and the IBEW took place and/or the identity of the participants in the alleged conversations. Indeed, unlike the affiant in *Perez*, plaintiff Kamen does not even claim that he was a participant in the conversations between his doctor and the IBEW. Thus, this vague and amorphous statement by Kamen does not satisfy the requirements of Rule 56(e) and should be struck from his affidavit because it is not based on personal knowledge.

This statement is also likely based on hearsay evidence. If, as discussed above, plaintiff Kamen did not witness the transfer of information between his doctors and the IBEW, then his doctor or another third party must have told him that the information had been transferred to the IBEW. These out-of-court statements by someone other than plaintiff Kamen, which plaintiff Kamen is attempting to use to prove that the IBEW received his doctor's notes and medical records, are inadmissible hearsay. *See* Fed. R. Evid. 801(c). Because there is no hearsay exception that would apply to these statements, plaintiff Kamen's assertion that his doctor was sending his medical reports and notes to the IBEW would not be admissible at trial. The portion of ¶ 26, which states, "*I know that my doctor was sending his medical reports and notes to IBEW for purposes of insurance,*" should therefore be struck from the Kamen Aff. because it contains inadmissible hearsay.

      H.      ¶ 27: *IBEW is self-insured, so my doctor was sending the medical reports directly to the IBEW offices in D.C.* (Kamen Aff. at ¶ 27).

The IBEW requests that the Court strike this paragraph because it is not based on personal knowledge. A statement in an affidavit based on assumption or surmise should be struck from the affidavit for its failure to comply with Rule 56(e)'s requirement of personal knowledge. *Perez*, 247 F.3d at 316. In this statement, plaintiff Kamen, without offering any factual support, assumes, that because the IBEW is self-insured, his doctor was sending medical reports and notes directly to the IBEW offices in Washington, D.C. Plaintiff Kamen's belief about what his doctor was doing his reports about plaintiff Kamen's medical condition is based on assumption and surmise. Plaintiff Kamen has again failed to produce facts in support of his statement that his doctor sent medical reports to the IBEW. This statement should therefore be struck from the affidavit because plaintiff Kamen has failed to "cite specific concrete facts establishing the existence of the truth of the matter asserted." *Thalacker*, 152 F.3d at 563.

This statement is also likely based on hearsay evidence. It is unlikely that plaintiff Kamen witnessed the alleged transfer of information between his doctor and the IBEW. His doctor or another third party must have told him that the information had been transferred to the IBEW. Out-of-court statements by someone other than plaintiff Kamen, which plaintiff Kamen is attempting to use to prove that the IBEW received his doctor's medical reports, are inadmissible hearsay. *See* Fed. R. Evid. 801(c). Because there is no hearsay exception that would apply to this statement, plaintiff Kamen's assertion that his doctor was sending his medical reports to the IBEW would not be admissible at trial. ¶ 27 should therefore be struck from the Kamen Aff. because it contains inadmissible hearsay.

I.  ¶ 34: *IBEW then obtained my medical records from Dr. Rocchi.* (Kamen Aff. at ¶ 34).

The IBEW requests that the Court strike ¶ 34 because it is not based on personal knowledge. Plaintiff Kamen's claim that IBEW obtained his medical records from Dr. Rocchi is not based on personal knowledge. Plaintiff Kamen provides no supporting facts regarding how he knows that the IBEW obtained his medical records. Because plaintiff Kamen fails to set forth sufficient facts to support this statement, it is unknown how plaintiff Kamen came to know that the IBEW obtained medical records from Dr. Rocchi. It is unlikely, however, that Kamen witnessed the alleged transfer of records from Dr. Rocchi to the IBEW. Plaintiff Kamen has therefore failed to set forth sufficient facts to show that he has personal knowledge of the IBEW obtaining his medical records from Dr. Rocchi.

This statement is also likely based on hearsay evidence. If, as discussed above, plaintiff Kamen did not witness the transfer of medical records from Dr. Rocchi to the IBEW, then Dr. Rocchi must have told him that he transferred records to the IBEW. This out-of-court statement by someone other than plaintiff Kamen, which plaintiff Kamen is attempting to use to prove that

the IBEW received information regarding plaintiff Kamen's medical condition, is inadmissible hearsay. *See* Fed. R. Evid. 801(c). Because there is no hearsay exception that would apply to the statement, plaintiff Kamen's assertion that the IBEW obtained medical records from Dr. Rocchi would not be admissible at trial. ¶ 34 should therefore be struck from the Kamen Aff. as inadmissible hearsay.

        J.      ¶ 38: *My e-mails included discussions about my HIV status with my sisters.* (Kamen Aff. at ¶ 27).

Paragraph 38 should be struck from the Kamen Aff. because it refers to "a paper or part of a paper" without attaching or serving a copy of the paper with the affidavit. Fed. R. Civ. Pro. 56(e). In ¶ 38, plaintiff Kamen refers to electronic-mail messages in which he allegedly discussed his HIV-positive status with his sisters. Under Rule 56(e), an affiant must provide sworn or certified copies of any document that is referred to in the affidavit.

Here, plaintiff Kamen has failed to provide the electronic-mail messages, which were allegedly accessed by the IBEW. By referring to these electronic-mail messages, plaintiff Kamen is attempting to support an assertion that the IBEW eavesdropped on his electronic-mail messages to his sisters in which he claims to have discussed his doctor's suspicion and later confirmation that he had contracted HIV. Accordingly, plaintiff asserts that the IBEW knew that he was HIV positive at the time it terminated his employment. However, because plaintiff Kamen has failed to provide copies of the electronic-mail messages referred to in ¶ 38, there is no way to determine the actual contents of the messages to which plaintiff Kamen refers. Because Rule 56(e) requires an affiant to provide sworn or certified copies of documents referred to in an affidavit, the Court should strike ¶ 38.

## CONCLUSION

For the foregoing reasons, the portions of the Affidavit of Steven A. Kamen that do not comply with Rule 56(e), Fed, R. Civ. P., should be struck.

> Respectfully submitted,
>
> _____
> TERRY R. YELLIG (D.C. Bar No. 946095)
> Sherman, Dunn, Cohen, Leifer & Yellig, P.C.
> 900 Seventh Street, N.W.
> Suite 1000
> Washington, D.C. 20001
> Telephone No. (202) 785-9300
>
> Attorneys for Defendants International Brotherhood of
> Electrical Workers, AFL-CIO, and Edwin D. Hill

Dated: April 17, 2008.