UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KAMEN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNATIONAL BROTHERHOOD )<br>OF ELECTRICAL WORKERS, AFL-CIO and )<br>EDWIN D. HILL, an individual, )<br>)<br>Defendants. )<br>_____) | Case No. 1:06CV01063(RMC) |

## SUPPLEMENTAL DECLARATION OF EDWIN D. HILL

I, Edwin D. Hill, make this declaration based on personal knowledge:

1. I stated in ¶ 47 of the declaration, which I executed in the above-referenced case on February 25, 2008 designated as Document # 26-3, that: "I was not aware that Mr. [Steven A.] Kamen was infected by the human immunodeficiency virus (HIV) at the time I terminated his employment as an IBEW International Representative on December 8, 2004.

2. I further stated in ¶ 48 of my February 25, 2008 declaration that: "In fact, I was not aware that Mr. Kamen was infected by HIV until I read the Complaint that Mr. Kamen filed in the above-referenced case against me and the IBEW on June 6, 2006, which alleges that I terminated his employment with the IBEW on December 8, 2004 because, among other things, I knew he was infected by HIV."

3. I have since read the Affidavit of Steven A. Kamen filed in the above-referenced case dated April 7, 2008, which has been designated as Document # 30-10.

- 2 -

4. Mr. Kamen states in ¶ 26 that he knows that his doctor was sending his medical reports and notes to the IBEW (International Brotherhood of Electrical Workers) for insurance purposes and he repeated that claim in ¶ 27.

5. Mr. Kamen further states in ¶ 28 of his April 7, 2008 affidavit that the medical reports and notes, which he asserts that his doctor sent to the IBEW "contained direct reference to the fact I was suspected of having HIV in March 2004, that tests confirmed HIV in April 2004, and that I was being treated for HIV throughout the remainder of 2004."

6. I have no knowledge about whether such medical reports and notes were sent by Mr. Kamen's physician to the IBEW; however, I do know that such reports and notes were never brought to my attention and I have never read any medical reports or notes about Mr. Kamen, including any that "contained direct reference to the fact [that Mr. Kamen] was suspected of having HIV in March 2004, that tests confirmed HIV in April 2004, and that [he] was being treated for HIV throughout the remainder of 2004."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Edwin D. Hill

Dated: April 16, 2008.