IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN A. KAMEN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:06cv01063 (RMC) |
| | ) | |
| v. | ) | JUDGE ROSEMARY M. COLLYER |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| ELECTRICAL WORKERS (IBEW) | ) | |
| and EDWIN D. HILL, an individual, | ) | Electronically Filed |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT IBEW'S MOTION TO STRIKE**

**AND NOW COMES** Plaintiff, Steve A. Kamen, by and through his counsel, Joseph H. Chivers, Esquire, and respectfully submits his Memorandum in Opposition to Defendant IBEW's Motion to Strike Portions of the Affidavit of Steve Kamen.

Defendant IBEW is moving this Court to strike all or portions of ¶¶12, 13, 22, 23, 24, 25, 26, 27, 34, and 38 from Plaintiff's Affidavit filed as part of Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment. Plaintiff hereby responds to each objected-to paragraph:

A.  ¶12.  "Not only did I have these actual conditions but either I, my sisters or my doctors were communicating the fact I had these conditions to IBEW in early 2004."

Kamen is simply restating what is already of record. Not only was Kamen communicating the nature of his conditions in early 2004 to IBEW, but so were his sisters (see Affidavits of Randy J. Kamen and Debra Kamen, Exhibits 7 and 8 of Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment (hereinafter referred to as Plaintiff's Memorandum)). Thus, Kamen has satisfied the requirement in his Affidavit that his statement be based either on personal knowledge or on competent evidence of record. As such, none of Paragraph 12 should be stricken.

B.  ¶13.  "Apparently IBEW perceived I had conditions that severely limited my ability to work."

Plaintiff stipulates to the striking of Paragraph 13 of Kamen's Affidavit. This assertion is already substantiated in Plaintiff's Memorandum.

C.   ¶22.   "I believe IBEW was aware of my HIV well before I was terminated."

While the paragraph itself is a conclusory statement, it is based on evidence already of record and already discussed in Plaintiff's Memorandum. As such, it is not merely an allegation that has been transferred from his Complaint to an Affidavit, but rather a conclusion that is supported by competent evidence of record.

D.   ¶23.   "When I was out in February to May 2004 my sisters were communicating regularly with IBEW."

Kamen is simply stating his understanding based on competent evidence of record (see Affidavits of Randy J. Kamen and Debra Kamen, Exhibits 7 and 8 of Plaintiff's Memorandum). Whether Paragraph 23 is stricken or not, therefore, there is already competent evidence supporting the proposition that Kamen's sisters were indeed communicating regularly with IBEW about Kamen's condition during the February to May 2004 time frame.

E.   ¶24.   "I know they were telling Don Siegel and Mike Welsh that I was out sick, had serious health problems, that these problems were permanent and that I could not return to work until cleared by my physician."

See Response to Paragraph 23.

F. ¶25. "I also know that IBEW was getting information from my doctor, especially Dr. Rocchi."

Kamen does not rely merely on information he was receiving at the time from his doctor or his doctor's office, but this assertion is supported by Don Siegel's own admission that he had in his possession in or about October 2004 Kamen's medical records from Dr. Rocchi. Siegel D.T. (Exhibit 4 of Plaintiff's Memorandum) at 59, 60. The point is IBEW was being informed by one or more parties during 2004 about Kamen's medical condition, including the fact Kamen had HIV, well before Kamen was terminated.

G. ¶26. "I personally sent notes from Dr. Rocchi to Don Siegel, and I know that my doctor was sending his medical reports and notes to IBEW for purposes of insurance."

Plaintiff stipulates to striking the objected-to portion of Paragraph 26. Whether Kamen's statement in Paragraph 26 about what he knew about his doctor should be stricken, though, it is evident from competent evidence, most particularly the admission of Don Siegel, that IBEW had received certain medical documentation in October 2004 which information included reference to HIV.

H.   ¶27.   "IBEW is self-insured, so my doctor was sending the medical reports directly to the IBEW offices in D.C.."

Plaintiff stipulates to striking the latter part of Paragraph 27 regarding Dr. Rocchi's actions. Regardless, the competent evidence of record shows IBEW had this information well before Plaintiff's termination. Siegel D.T. (Exhibit 4 of Plaintiff's Memorandum) at 59, 60; Defendants' Answers to Admissions (Exhibit 2 of Plaintiff's Memorandum), Nos. 65, 66; and, Medical Reports of Dr. Rocchi from March 2004 through November 2004 (Exhibit 20 of Kamen D.T. - Exhibit 3 of Plaintiff's Memorandum).

I.   ¶34.   "IBEW then obtained my medical records from Dr. Rocchi."

Plaintiff is simply restating what is already on the record, namely, that IBEW, in particular Don Siegel, obtained medical records from Dr. Rocchi in October 2004 in the context of a workers' compensation claim. Id.

J.   ¶38.   My e-mails included discussions about my HIV status with my sisters.

Kamen stipulates to the striking of Paragraph 38 of Kamen's Affidavit.

Respectfully submitted,


   s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
Suite 600, 312 Boulevard of the Allies
Pittsburgh, PA 15222
(412) 227-0763
(412) 281-8481 FAX
jchivers@employmentrightsgroup.com

Counsel for Plaintiff
Steve A. Kamen



  s/Bart T. Valad
  s/John Vecchione
Bart T. Valad, Esquire
DC ID No. 462814
John Vecchione, Esquire
Valad & Vecchione, PLLC
3863 Plaza Drive
Fairfax, VA  22030
(703) 352-4800

Local Counsel for Plaintiff
Steven A. Kamen

DATED:  April 30, 2008