**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **STEVEN A. KAMEN,** <br> **Plaintiff,** <br> **v.** <br> **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (IBEW), AFL-CIO and EDWIN D. HILL,** <br> **Defendants.** | ) | **Civil Action No. 06-1063 (RMC)** |

**ORDER**

The International Brotherhood of Electrical Workers, AFL-CIO ("IBEW") and its International President, Edwin D. Hill, move for summary judgment on the single residual claim in the Amended Complaint [Dkt. # 7] brought by former IBEW employee Steven A. Kamen. In Count I, Mr. Kamen alleges that IBEW violated the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, when it discharged him from his position as an IBEW Senior International Representative because he is infected by the human immunodeficiency virus ("HIV").[1] Defendants move for summary judgment, which Mr. Kamen opposes.

Summary judgment can be granted to Mr. Hill since the only claim that remains is

[1] Mr. Kamen stipulates to the dismissal of the remaining claims set forth in Counts IV and V of the Amended Complaint, alleging a violation of the District of Columbia Human Rights Act of 1977, as amended ("DCHRA"), D.C. Code Ann. § 2-1401.01 *et seq.*; and tortious interference with employment contract, respectively. *See* Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Opp'n") at 1 n.1. The Court earlier dismissed, as time barred, Counts II, III and all of the claims in Count IV, except for the allegations that IBEW and Hill "'have had and continue to maintain through the present a policy and practice of hostility and prejudice towards homosexuals.'" *Kamen v. Int'l Bhd. of Elec. Workers, AFL-CIO*, 505 F. Supp. 2d 66, 75 n.5 (D.D.C. 2007) (quoting Am. Compl. ¶¶ 83).

Count I, which does not name him as an individual defendant. *See* Am. Compl. ¶¶ 58-65. He will, of course, remain as a fact witness. In addition, summary judgment can be granted to IBEW on the allegations in Count I that it failed to offer a reasonable accommodation to Mr. Kamen because Mr. Kamen failed to respond to IBEW's argument that his charge to the Equal Employment Opportunity Commission ("EEOC") did not allege a failure to offer a reasonable accommodation and, therefore, he did not exhaust his administrative remedies. *See* Pl.'s Opp'n; Defs.' Reply at 3 n.4. "It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003).

On the basic claim that IBEW discharged Mr. Kamen in violation of the ADA, *see* Am. Compl. ¶¶ 60, 62, however, there are too many factual disputes for the Court to decide on summary judgment. Credibility must be tested before a neutral fact-finder.[2] Accordingly, it is hereby

**ORDERED** that the remaining claims in Counts IV and V of the Amended Complaint [Dkt. # 7] are **DISMISSED**; and it is

**FURTHER ORDERED** that Defendants' motion for summary judgment [Dkt. # 26] is **GRANTED** in part and **DENIED** in part; and it is

**FURTHER ORDERED** that Defendants' motion for summary judgment is **GRANTED** as to Defendant Edwin D. Hill, and Mr. Hill is dismissed as a defendant in this action; and it is

---

[2] Because the underlying discrimination claim under the ADA will not be decided on summary judgment, Defendant IBEW's Motion to Strike Portions of the Affidavit of Steven A. Kamen [Dkt. # 31] will be denied as moot.

**FURTHER ORDERED** that Defendants' motion for summary judgment with respect to Mr. Kamen's claim in Count I that IBEW failed to offer him a reasonable accommodation is **GRANTED**; and it is

**FURTHER ORDERED** that Defendants' motion for summary judgment as to Plaintiff's claim in Count I that IBEW terminated Mr. Kamen's employment in violation of the ADA's prohibition against discrimination based on disability is **DENIED**[3]; and it is

**FURTHER ORDERED** that Defendant IBEW's Motion to Strike Portions of the Affidavit of Steven A. Kamen [Dkt. # 31] is **DENIED** as moot.

**SO ORDERED**.

DATE: August 15, 2008

/s/
ROSEMARY M. COLLYER
United States District Judge

[3] Plaintiff's claim in Count I that IBEW terminated Plaintiff's employment in violation of the ADA is the only claim remaining in this suit.